SAMUEL O. COCKEY

vs.

MARY ANN CARROLL AND
FRANCIS B. LAWRENSON.

}　MARCH TERM, 1849.

[INJUNCTION TO PREVENT TRESPASSES.]

THE Court of Chancery in this state will not interfere by injunction where the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction at law.

[The bill in this case was filed for an injunction to stay waste, the complainant, Cockey, being an infant and suing by David Carlisle, his guardian and next friend.

The bill, in substance, alleges, that Edward A. Cockey, the father of the infant complainant, died in 1834, leaving a will, by which he devised to complainant a tract of land in Baltimore county, which he had purchased many years before, and of which, after having long been in undisputed possession thereof, he died seized and possessed, and of which, since his death, complainant, by his said guardian, has been in the full and undisputed possession. That defendants, Carroll & Lawrenson, occupying an adjoining farm, have, within the last few months, entered with their teams and wagons, servants, carts, &c., upon said land, and have committed, and daily persist in committing, against the remonstrance and warning of his guardian and himself, the most injurious and destructive trespasses upon the said land, traveling and hauling loads over the whole breadth of the same, and cutting and removing the timber thereof, and doing the greatest and irreparable injury to complainant's said freehold and title by prostrating its forests and wood lands and arable lands, and removing the barriers placed there to insure the just enjoyment thereof, and to impede and prevent the incursions of said defendants, their servants, teams, &c. That he has commenced his action of trespass against them, for said wrongs and trespasses, in Baltimore County

Court, to recover damages therefor, but in the mean time and before the said action can be tried in the regular course of the court, the damage and injury done to his said freehold and estate and its just enjoyment, will, as he believes, be irreparable, by keeping open ways and roads upon and through it, and exposing it to the incursion and depredations of others, and injuring and permanently depressing its character, and the value and character of its title, and compelling complainant to bring a multiplicity of actions for its protection. The bill then prays for an injunction restraining said trespasses, which the Chancellor granted.

The answer of the defendants denies that they, their agents or servants have ever committed any trespass upon said land, and avers that the defendant, Carroll, has been seized in her own right, in fee simple, for more than forty years, of an elder tract of land, adjoining that of complainant, of which the defendant, Lawrenson, is the tenant, and that as owner and occupier of such elder tract, defendants have a right of way through and over the farm of complainant out to the county road, and that they and those under whom they claim have had, held and used the said right of way without any molestation, obstruction or question, uninterruptedly for sixty odd years, and that they so held and used and enjoyed the said right of way before said Edward A. Cockey purchased his said land, and during his lifetime, and whilst he held the same, and with his knowledge, and uninterruptedly until on or about the first of May last, when defendant, Lawrenson, whilst in the lawful and usual use and enjoyment of the said right of way, found the said road obstructed by some trees lying across the same, which had recently been placed there, and apparently with a view to obstruct him in the use of said road, and which trees defendant caused to be removed out of the road, but not from complainant's land, so as to permit him to pass with his wagon as he was wont and had a right to do. They deny that they, their servants or agents have ever cut or removed any timber from said land of complainant, except as above stated, and they deny that they, their servants or agents, have traveled or

hauled loads over said land, except as aforesaid, or entered upon or penetrated said land or removed any barriers thereon placed except as aforesaid. They deny that complainant has sustained any injury, in fact, from the acts of defendants, but admit he has brought suit against them, as stated in the bill.

A motion to dissolve the injunction was then made, and testimony taken under a commission issued by agreement of parties, to be read at the hearing of this motion. The purport of this testimony sufficiently appears from the following opinion of the Chancellor.]

THE CHANCELLOR:

The allegations of this bill, which stated a case of irreparable mischief, are so far denied by the answer that the injunction must be dissolved unless the proof shows that the trespasses complained of are such that adequate compensation at law could not be given, for it is now settled definitively that the Court of Chancery in this state will not interfere by injunction where the injury is not irreparable and destructive to the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law. *Amelung et al,* vs. *Seekamp,* 9 *G. & J.,* 468. The proof in this case does not show such irreparable mischief, and therefore, the injunction must be dissolved.

J. J. SPEED, for Complainant.
T. P. SCOTT, for Defendant.