WARREN HEIGHT, Plaintiff in Error, v. THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

Where a general objection to proof offered is sustained, error will not lie if any true ground of objection exists. But if the proof is objectionable simply upon a ground which might be obviated, if specified, and such objection is not made, but is purposely suppressed, while others not tenable are stated, the former will be deemed to have been waived and cannot be urged to sustain the ruling upon appeal. (FOLGER and RAPALLO, JJ., dissenting.)

Defendants' counsel offered proof that two of the witnesses for the prosecution had made statements in conflict with their testimony upon a material point. This was objected to by the counsel for the prosecution "as improper, immaterial and hearsay." No objection was made that the attention of the witnesses had not been called to the conversation.

The evidence was excluded,—*Held*, error. (FOLGER and RAPALLO, JJ., dissenting.)

(Argued November 30, 1872 ; decided December 3, 1872.)

ERROR to the General Term of the Supreme Court in the third judicial department, to review a judgment of that court affirming a judgment of the Court of Sessions in and for the county of Saratoga, entered upon a conviction of plaintiff in error of the crime of assault with intent to commit a rape.

The facts pertaining to the question decided, sufficiently appear in the opinion.

*J. P. Butler* for the plaintiff in error.   The offer of proof as to statements of Van Order and wife, made out of court and inconsistent with their testimony in court, was proper and material to impeach the witnesses, and should not have been excluded. (2 Brod. & Bing., 300 ; 6 English Common Law, 130 ; 2 Russell on Crimes, 930 ; 1 Am. Crim. Law, § 817.)

*Samuel Hand* for the defendants in error.   The question to Amos Davis and the offer as to statements made by Mr. and Mrs. Van Order were properly excluded. (*Pendleton* v. *Empire Stone Dressing Co.*, 19 N. Y., 13 ; *Rockwell* v. *Brown*, 36 id., 210 ; *Lee* v. *Chadsey*, 3 Keyes, 225 ; *Carpenter* v. *Ward*, 30 N. Y., 243 ; *Plato* v. *Reynolds*, 27 id., 586 ; *Sanchez* v. *People*, 4 Parker, 556 ; *Wills & Conley* v. *People*, 3 id., 500 ; *Nation* v. *People*, 6 id., 258 ; *Holmes* v. *Anderson*, 18 Barb., 420 ; *Elton* v. *Larkins*, 5 Carr & Payne, 385 ; *Turnpike R. Co.* v. *Loomis*, 32 N. Y., 127 ; *Ward* v. *People*, 3 Hill, 395.)   The objection by defendants' counsel to impeaching evidence offered by the people was properly overruled. (*Nolton* v. *Moses*, 3 Barb., 31, 32 ; *Green* v. *Brown*, 3 id., 120.)

PECKHAM, J.   The questions sought to be raised by the prisoner's counsel are so inartificially presented in the bill of exceptions, that but very few can be reviewed.

The question, put to and answered by the prosecutrix, if "the fainting spell she had after she returned home was the result of" the occurrence she had stated of the alleged assault,

is one of the points not presented. The objection to the question was general, stating no grounds. How could the witness know the cause of the fainting fit? She might state the facts, but she could not give a medical opinion.

But the offer of proof by the witness, Davis, that Mr. and Mrs. Van Order stated to him that the abrasure on the side of Mrs. Howland, the prosecutrix, had the appearance of having been caused by her fingers, I think was improperly rejected. This proof was material, as it tended strongly to contradict the account given by them of the appearance of her side. They had both testified as to those injuries as they appeared the next morning after the alleged assault. They testified that "there were pieces taken out, and chunks taken out; the skin was off; there was five or six places." Mrs. Van Order afterward said she would swear there were more than six places. Mr. Van Order's testimony was to the same effect He said there "were gouges on the side, the same as though it was gouged right out;" were "some four or five places.

She testified that she never told Seymour Miller that it looked as if she had scratched it with her own fingers; and then that she never said so. Van Order said that he did not tell anything about the wound that he knew of. The testimony offered was objected to as "improper, immaterial and hearsay." There was no objection that the attention of the witnesses, Van Order and wife, had not been first called to this conversation; that no foundation had been laid for the contradiction. This was plainly, and, it would rather seem, purposely, evaded. The purpose of the evidence was very evident. If there could otherwise be any doubt, the preceding evidence showed the object. With a clear knowledge of the object, the counsel states every objection to the evidence except the true one. In such case, I think, he cannot avail himself of the true objection; especially in a case where, as here, if the true objection had been stated, it could easily have been obviated.

Groundless objections are more prejudicial to the objector's rights than none, as they tend to mislead.

It was a mere formal matter to recall the witness and put the question to ·her, if she had told *this witness* so. They had already stated they had never said so. This objection the people might waive. They as effectually waived it, by putting forward other objections and suppressing this, as if they had expressly waived it. The testimony offered, that the prisoner met and conversed with Brisbin the next day after the occurrence, in regard to it, was admissible simply to identify the time. The conversation itself was not required. But the objection was general, stating no grounds. In such case, where the decision is with the objector, the objection is sufficiently stated, and error does not lie for rejecting the evidence, as the opposite counsel has a right to have the objections stated. If he does not call for them he· is not misled, and may be supposed to understand them. But where the grounds of objection are stated, and the true grounds are suppressed, he may be misled; and in a case like the one at bar, where the true ground, if stated, might have been obviated, that objection will be deemed waived. The counsel, the district attorney, in his points here, says this evidence was offered to contradict the prosecutrix, and then objects that no foundation had been laid for it; that she had not been first inquired of whether she had told the witness as offered to be proved. Thus it appears he understood the purpose of the evidence, and purposely suppressed the true objection to it.

This offered evidence, I think, was material.

The testimony of these witnesses, if true, showed wounds of a serious character; such as could scarcely have been inflicted by complainant's "own fingers." Her side was ".gouged out;" "chunks of flesh" had been taken out in five or six places, according to their evidence. The offer was to show that "these abrasures had the appearance of having been caused by her own fingers." This would convey to the mind a very different impression of the character of the wound from that testified to by these witnesses, and of a

character far less grave and much more trivial. It would, therefore, 1 e material evidence.

The evidence, as presented against the prisoner, was not free from suspicion. In so slight a case this excluded evidence might have had decided influence.

How it was possible that those wounds could have been inflicted by the prisoner does not appear from the evidence in the case. It does not appear that his hands were upon her person, except on the outside of her clothes. No violence of his, as detailed by the complainant, could have caused them.

The judgment must be reversed, new trial granted, proceedings remitted to the sessions.

CHURCH, Ch. J., ANDREWS and ALLEN, JJ., concur.

FOLGER and RAPALLO, JJ., dissent. GROVER, J., not voting.

Judgment reversed.