WELSH v. NEW YORK EL. R. Co. et al.

(Common Pleas of New York City and County, General Term.   January 5, 1891.)

INJUNCTION—MAINTENANCE OF RAILWAY.
  An action to restrain the maintenance of a railway in front of certain property
  was brought by one having a leasehold estate therein, with a contingent right of
  renewal.  Held, that a perpetual injunction should not be granted; the restraint
  should be only during the subsistence of plaintiff's interest.

Appeal from special term.

Action by Charles Welsh, as surviving executor of George W. Welsh, deceased, against the New York Elevated Railroad Company and the Manhattan Railway Company.   Defendants appeal from a judgment for plaintiff entered on trial by the court without a jury.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Davies & Rapallo, (Julien T. Davies, Samuel Blythe Rogers, and J. C. Thomson, of counsel,) for appellants.   G. Willett Van Nest, for respondents.

PRYOR, J.   In this action, for an injunction against defendants' railway and for damages, plaintiff has judgment for an injunction and for $15,650 damages for past injury.   Because of error apparent in the record, the judgment must be reversed.

1. Seeking to avail themselves of the principle afterwards enunciated in Newman's Case, 118 N. Y. 618, 23 N. E. Rep. 901, defendants requested the trial court to find conclusions of law, as follows: "In estimating the combined injury done to the rental value of said premises by said railroad in Greenwich street and railroad station in Barclay street, the benefits conferred by the said station upon the same should be considered in mitigation of damages."   And again: "The increased rental value of said premises, due to the benefits conferred by said station upon said premises, should be considered as diminishing pro tanto the damage to the rental value of the same."   Each of these requests was refused, and to such refusal defendants duly excepted.   Then the court was requested to find the fact that "the existence of said station on the said railroad has rendered said premises more accessible to other parts of the city of New York than they otherwise would be.   This has added to the rental and fee value of said premises."   This request also was refused, and to the refusal defendants duly excepted.   Furthermore, defendants offered evidence of special and peculiar benefits to plaintiff's property from the maintenance of defendants' railway and station, but the evidence was excluded, and defendants excepted.   The rejection of this evidence is adduced, not as error in itself, (it probably was,) but as manifesting that, in the judgment of the court, proof of benefit was incompetent to mitigate injury.   But that the court excluded all consideration of benefits in its award for damages to plaintiff's property is clear beyond controversy, in its suggestion to the witness to leave benefits out in his estimate of injury to rental value.   Indeed, upon all the evidence, it is impossible to resist the conclusion, were it necessary to invalidate the judgment, that the learned trial judge yielded to the then prevalent doctrine of the court, and eliminated benefits, of which there was ample evidence, from his estimate of injury to plaintiff's property.   The opinion in Gray's Case, ante, 542, (herewith decided,) renders further discussion of the point superfluous.

2. In any litigation a party's recovery must be on the basis of his interest, and can only be commensurate with his interest.   Here plaintiff's interest in the premises affected is a leasehold estate, terminable 1st July, 1892, but with a contingent right of a renewal for 21 years.   Yet the court allowed plaintiff a perpetual injunction, forever restraining the maintenance and operation of defendants' railroad.   The restraint should have been only during the sub-

sistence of plaintiff's interest. Upon an extension of his term, another injunction might issue. *Welsh* v. *Railroad Co.*, 8 N. Y. Supp. 492. Although this error might be obviated by a modification of the judgment, still for the other it must be reversed. All concur.