PURDY *v.* MANHATTAN EL. RY. CO. *et al.*

*(Common Pleas of New York City and County, General Term.* February 2, 1891.)

1. EMINENT DOMAIN—COMPENSATION—ALLOWANCE FOR BENEFITS.
   In determining whether property has been injured by being deprived of easements in the street on which it fronts by an elevated railway therein, and the extent of such injury, benefits, peculiar to the premises, from the maintenance of the railway, must be considered; and in an action to restrain the further maintenance of the railway, the exclusion of evidence of such benefits, and a refusal to find, as a conclusion of law, that such benefits should be set off against the inconvenience to the premises, constitute error, for which a judgment for plaintiff must be reversed.

2. SAME—ACTION TO RESTRAIN USE OF STREET.
   Such an action cannot be maintained on the ground of preventing a multiplicity of suits for repetitions of the trespass, where such ground of jurisdiction is not alleged in the complaint nor found by the court; nor unless there is an actionable injury entitling to substantial relief.

Appeal from equity term.

Action by Elvira Purdy against the Manhattan Railway Company and the Metropolitan Elevated Railway Company, for an injunction to restrain the maintenance and operation of defendants' railway in the street fronting plaintiff's premises, and for the recovery of past damages therefrom. Defendants

appeal from a, judgment for plaintiff entered on trial by the court without a jury.

Argued before ALLEN, P. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Brainard Tolles,* of counsel,) for appellants. *Samuel G. Adams,* (*Allan Lee Smidt,* of counsel,) for respondent.

PRYOR, J.   The action is for injunctive relief; and the fundamental question on the trial was:   Was the plaintiff entitled to that relief?   A clear conception of the principles upon which the action proceeds is indispensable to the right determination of this appeal.   The injury of which the plaintiff complains, and which constitutes her cause of action, is the taking her property without just compensation.   *Story* v. *Railroad Co.,* 90 N. Y. 122; *Lahr* v. *Railway Co.,* 104 N. Y. 268, 10 N. E. Rep. 528.   The property of which she has been wrongfully deprived is her easements in the highway.   But, except as appurtenant to her premises, and as affecting the use and enjoyment of them, those easements are of no value which the law recognizes, and the loss of which it will compensate.   It results, therefore, that the depreciation of the premises to which the taken easements are appurtenant, marks and measures plaintiff's damage from the deprivation of the easements.   An equally inevitable corollary is that if, by the taking of the easements, no damage be done to plaintiff's premises, then she has suffered only a technical wrong, and is entitled to only a nominal compensation.   But in determining whether plaintiff's premises have been injured, and to what extent injured, by the loss of the easements, the benefits, if any, accruing to her premises from the taking of the easements by the railroad, must be considered and allowed in the ascertainment and estimate of her damages.   Hence, necessarily, if upon a balance of detriment and advantage there be a preponderance of benefit to the premises, with the effect of enhancing their value, then plaintiff has sustained no loss, and the wrong done her is merely nominal.   By the unanimous decision of the court of appeals the above principles are propounded for our guidance in the determination of this appeal, (*Newman* v. *Railroad Co.,* 118 N. Y. 618, 23 N. E. Rep. 901;) and we have recognized and submitted to their authority in *Gray* v. *Railroad Co.,* 12 N. Y. Supp. 542, and *Welsh* v. *Railroad Co.,* 12 N. Y. Supp. 545, (decided at our January general term.) If, however, we were at liberty to canvass the validity of the court of appeals' decision, we should not hesitate to concur in it; for the proposition that an act, though wrongful, which has indefinitely enhanced the value of one's property, still entitles him to substantial compensation for injury to that property, is not only a contradiction in terms, but impugns the fundamental principles of retributive justice.   Except when vindictive damages may be awarded,—and this is not a case where they are allowable, (*Powers* v. *Railroad Co.,* 120 N. Y. 178, 24 N. E. Rep. 295,)—"in all cases of civil injury, the object is to give compensation to the party injured for the actual loss sustained." 1 Sedg. Dam. 34. "In civil actions the law awards to the party injured a just indemnity for the wrong done him, and no more." RAPALLO, J., in *Baker* v. *Drake,* 53 N. Y. 216, 220. "The allowance of anything more than an adequate pecuniary indemnity for a wrong suffered is a great departure from the principle upon which damages in civil actions are awarded." DAVIS, J., in *Railway Co.* v. *Arms,* 91 U. S. 489.

Recurring to the question in controversy, we affirm the proposition that, in order to give plaintiff a right to injunctive relief, it was incumbent upon her to establish against defendant a substantial injury, and not merely a technical wrong, entitling her only to nominal damages; and this, whether the injury be singular or continuous, and whether it be the subject of only one or of successive actions.   Even at law, the principle that "for every wrong there is a remedy" is not of universal prevalence, but is qualified by those other

maxims, *de minimis non curat lex*, and *injuria sine damno*. Broom, Leg. Max. 142; Sedg. Dam. 40, where it is said: "The infringement of a legal right, when unattended by any positive injury, furnishes no ground for other than nominal relief. Substantial loss to the party plaintiff must have ensued to entitle him to substantial relief." In a much more emphatic sense is it true that, before equity will exert its exceptional power of injunction, it must be invited thereto by an exigent occasion of serious injury. "Equity wields the powerful process of injunction to prevent irreparable injury, and is somewhat choice of the weapon." FINCH, J., in *MacLaury* v. *Hart*, 121 N. Y. 636, 643, 24 N. E. Rep. 1013. In a case analogous to the present, one of the most learned jurists who have adorned the bench of the state said: "If the use of the railroad in the streets of the city becomes a nuisance, or the aggression proves to be permanent, and without an adequate remedy at law, then the court will be competent to administer its equitable relief by injunction; but a strong case must be presented, and the impending danger must be imminent and impressive, to justify the issuing of an injunction." JONES, P. J., in *Drake* v. *Railroad Co.*, 7 Barb. 508. "The process of injunction should be applied with the utmost caution. The interference rests upon the principle of a clear and certain right, and an injurious interruption of that right." 10 Amer. & Eng. Enc. Law, 780. Extremely pertinent to the present case, is the ruling of Chancellor KENT in *Jerome* v. *Ross*, 7 Johns. Ch. 315, where he said: "A man may have on his land a large mound of useless stone or sand which he may not deem worth the expense of inclosing, and yet it would be a trespass for any person to remove any portion of the stone or sand without his consent; and he would be entitled to his action, even though the damages were nominal. But would it be proper for this court to assume cognizance of such a trespass, and lay the interdict of an injunction upon it? I think not." And in *Troy & B. R. Co.* v. *Boston, H. T. & W. R. Co.*, 86 N. Y. 107, 123, 126, the court of appeals, quoting Chancellor KENT as above, say; "The same answer should be made in this case. For any present practical use the slip of land protected by the injunction has been regarded as of no more value than the supposed mound of sand. The court will not interfere to restrain a mere trespass, when the injury is not irreparable, and destructive of the plaintiff's estate." While an injunction may issue to restrain trespasses, there must be something particular in the case to bring the injury under the head of quieting possession, or to make out a case of irreparable mischief, or the value of the inheritance must be put in jeopardy. *Livingston* v. *Livingston*, 6 Johns. Ch. 497: *Akrill* v. *Selden*, 1 Barb. 316. "To justify an injunction, it must be shown that injury material and actual is the necessary or probable result." *Morgan* v. *City of Binghamton*, 102 N. Y. 500, 7 N. E. Rep. 424. "Equity will not interfere by injunction where the injury is not irreparable and destructive of the plaintiff's estate, but is susceptible of perfect pecuniary compensation, and for which the party may obtain adequate satisfaction in the ordinary course of law." *Cockey* v. *Carroll*, 4 Md. Ch. 344; *Frink* v. *Stewart*, 94 N. C. 484; *Hart* v. *Marshall*, 4 Minn. 294, (Gil. 211;) *Jerome* v. *Ross*, 7 Johns. Ch. 315; *Cox* v. *Douglass*, 20 W. Va. 175. Equity will not enjoin a trifling trespass or nuisance. *Attorney General* v. *Gee*, L. R. 10 Eq. 136; *Attorney General* v. *Nichol*, 16 Ves. 342; *Campbell* v. *Seaman*, 63 N. Y. 568, 584, 586. "A mere fanciful diminution of the value of property by a nuisance, without irreparable mischief, will not furnish any ground for equitable relief." Snell, Eq. (Eng. Ed.) 562. "The injury must be actual, substantial; not technical, nor inconsequential." *Sargent* v. *George*, 56 Vt. 627. To the same effect are the text-writers: Story, Eq. Jur. §§ 925, 929, 930; Will. Eq. Jur. p. 381; 3 Pom. Eq. Jur. §§ 1338, 1347,—where it is said: "In the kind of torts for which the legal remedy is generally inadequate, so that an injunction is a proper remedy, the title of the injured party must be clear, the injury real, and not merely temporary

or transient." To the argument that here a ground for injunctive relief is found in the fact that such relief is necessary to prevent a multiplicity of suits; we answer: *First.* That such ground of jurisdiction is neither alleged in the complaint, nor found by the court. "There is no allegation showing multiplicity of suits pending or expected; and, while there is a finding by the court that a remedy can only be partially obtained by a great multiplicity of actions at law, there is no evidence that any such action has been tried or even brought. This the general rule requires, and we find nothing in the case to make it an exception." DANFORTH, J., in *Troy & B. R. Co.* v. *Boston, H. T. & W. R. Co.*, 86 N. Y. 107, 128. *Secondly.* That the prevention of a multiplicity of suits is not, of itself, an independent ground of equity jurisdiction; but there must be, besides, an actionable injury entitling to substantial relief. 1 Pom. Eq. Jur. § 250, and authorities, *supra.* But, if such trespass separately be of no real injury, even an infinite repetition of the trespass must be equally harmless. Proof of substantial injury, then, being indispensable to support the action, it follows that, if illegal evidence bearing essentially on the fact were admitted, or legal evidence bearing essentially on the fact excluded, such admission or exclusion is error requiring a reversal of the judgment.

In disproof of the injury alleged by plaintiff defendant offered evidence of benefits to the property from the presence of the railroad; but the court rejected the offer, and excluded the evidence. Thus, to a witness who had occupied one of the houses in question, defendant propounded these inquiries, and upon the competency of the proposed evidence the court made these rulings: "*Question.* Did the elevated railway interfere with your business while you were there? (Counsel for plaintiff objected to the question as immaterial. The court sustained the objection, and counsel for defendant duly excepted.) *Q.* Was or was not the presence of the station of the elevated railway and the stairs a benefit to your business while you were there? (Counsel for the plaintiff objected to the question as irrelevant. The court sustained the objection, and counsel for defendants duly excepted.)" That the offered evidence was relevant and material is no longer an open question, at least in this court. *Newman* v. *Railroad Co.*, 118 N. Y. 618, 23 N. E. Rep. 901; *Gray* v. *Railroad Co.*, and *Welsh* v. *Railroad Co.*, *supra.* Evidence of the effect of the railroad upon business in the street was competent upon the question of injury to plaintiff's property. *Drucker* v. *Railroad Co.*, 106 N. Y. 157, 12 N. E. Rep. 568; *Doyle* v. *Railroad Co.*, 8 N. Y. Supp. 323. The evidence being competent, its exclusion can be sustained on no other ground than that upon which it was specifically opposed. *Tooley* v. *Bacon*, 70 N. Y. 34, 37; *Marston* v. *Gould*, 69 N. Y. 220, 221; *Lefever* v. *Lefever*, 30 N. Y. 27, 40; *Height* v. *People*, 50 N. Y. 392; *Vietor* v. *Bauer*, 11 N. Y. St. Rep. 531. By the ruling the court decided that evidence of benefits to the property was inadmissible; and counsel was under no obligation—indeed, was not at liberty —to persist in plying the court with offers of evidence already declared to be incompetent. His duty was to submit to the decision of the court, and to regulate the future conduct of his case in conformity with the law as propounded by the court. We cannot presume, therefore, that, if privileged to introduce proof of benefits, counsel would have been unable to produce such evidence; but the inference is rather that he had such evidence at command. Neither can we assume that such evidence, if allowed, would not have been ample to overcome plaintiff's proof of injury, and to establish that, instead of being depreciated, the property was, in fact, enhanced in value by the presence of the railroad, and so that plaintiff has sustained no injury entitling her to injunctive relief. The evidence in the case of injury to plaintiff is by no means of that clear and conclusive character which precludes the probability of contrary evidence sufficient to nullify its effect.

Again, defendants, seeking to avail themselves of any benefit to the property from the presence of their railroad, requested the court to make the fol-

Jowing conclusion of law: "*Eighth.* In estimating the damages, if any, herein, the benefits resulting to said premises and peculiar thereto from the maintenance and operation of said railway should be set off against the inconvenience thereto resulting from the said maintenance and operation;" but the court declined to so rule, and defendants excepted. That the request embodies a correct proposition of law, and that the law, as stated, should have guided the court in the determination of the case, is expressly adjudicated in *Newman* v. *Railroad Co., supra.* It may not be answered that the request was for the enunciation of an abstract principle of no relevancy to the facts of the case; for the appeal-book discloses abundant evidence, in the mere relation of the railroad structure to the premises, in the facilities of access to the premises which it affords, in the condition of the premises and the character of the business conducted on them, to justify an inference of great benefit to the premises from the proximity of the railroad and its station. It results, therefore, that the excluded evidence affected not merely the amount which defendants were allowed, as a favor, to pay in avoidance of the injunction, but went to the foundation of the action, in tending to defeat plaintiff's right to injunctive relief. The case is not distinguishable from *Gray* v. *Railroad Co.* and *Welsh* v. *Railroad Co., supra;* and, for the error discussed, without considering others presented by appellants, the judgment must be reversed. Judgment reversed, and new trial ordered; costs to abide the event. All concur.