ANNA MARIA DOYLE, Respondent, *v.* THE MANHATTAN RAILWAY COMPANY et al., Appellants.

In an action by an abutting owner to restrain the operation of an elevated railroad in a city street, the opinion of an expert as to what plaintiff's premises would have been worth without the road is not competent evidence.

*It seems* it is competent for such witnesses to give opinions as to the present and past value of property, based upon facts they have observed, but it is improper to permit them to speculate as to the facts and then base a speculative opinion thereon.

In such an action it is competent for either party to show the general effect of the operation of the road upon other premises abutting upon the street, in the vicinity of, and similarly situated with plaintiff's, where it appears that damages claimed by plaintiff, if actually sustained, must have been common in the vicinity along the street.

But *it seems* that while the court may not confine the examination to the premises in question and exclude all proof offered as to the general effect upon other premises, it may, in the exercise of its discretion, confine the examination to premises in the vicinity, giving a reasonable range, and may limit the number of witnesses.

It is competent also to prove, where plaintiff's premises are fitted and occupied in part for business purposes, the effect of the operation of the road upon the business and traffic in the streets.

*It seems* that in such case the witnesses should be confined mainly to giving observed facts, and that they should not be permitted to give mere speculative opinions.

(Argued April 24, 1891; decided October 20, 1891.)

APPEAL from judgment of the General Term of the Court of Common Pleas for the city and county of New York, entered upon an order made January 5, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Samuel Blythe Rogers* for appellants.    The defendants had a right to require that the court's determination of the value of the easements should be upon legal evidence, and according

to the rules of law. (*Carter* v. *N. Y. E. R. Co.*, 25 J. & S.
279; *S. A. R. Co.* v. *M. E. R. Co.*, 56 Hun, 182.) The ques-
tion of "fee damage" was an issue of the trial. (*Henderson*
v. *N. Y. C. R. R. Co.*, 78 N. Y. 430.) Plaintiff, having vol-
untarily imported the question of "fee damage" into the case,
and obtained an adjudication upon it, is estopped from denying
that it was one of the issues of the trial. (*Helck* v. *Reinheimer*,
105 N. Y. 470.) If the court had determined the value of
plaintiff's easements according to the rules of law, it might
have found that there was no damage and no right to an
injunction. (*Gray* v. *N. Y. E. R. Co.*, 35 N. Y. S. R. 32;
*Brush* v. *M. E. R. Co.*, 26 Abb. [N. C.] 73; *Welsh* v. *N. Y.
E. R. Co.*, 12 N. Y. Supp. 545; *Genet* v. *D. & H. C. Co.*, 34
N. Y. S. R. 247; *Elmhirst* v. *Spencer*, 2 M. & G. 45; *Kensit*
v. *G. E. R. Co.*, L. R. [23 Ch. Div.] 566; *Cooper* v. *Crabtree*,
19 id. 193; *Jeffers* v. *Jeffers*, 107 N. Y. 650; *Morgan* v. *City
of Binghamton*, 102 id. 500; *T., etc., R. Co.* v. *H. T., etc., R.
Co.*, 86 id. 106, 123, 126; *People* v. *M. T. Co.*, 31 Hun, 596;
*Drake* v. *H. R. R. R. Co.*, 7 Barb. 508; *Jerome* v. *Ross*, 7
Johns. Ch. 315; *Livingston* v. *Livingston*, 6 id. 497.) The
learned trial judge erred in receiving the opinions of the wit-
nesses as to what this property would have been worth if the
railway had not been built. (*McGean* v. *M. R. Co.*, 117 N.
Y. 432; *Coleman* v. *People*, 58 id. 555; *Starbird* v. *Barrows*,
43 id. 200; *People* v. *Ferdandez*, 35 id. 59; *Foote* v. *Beecher*,
78 id. 155; *Merritt* v. *Seaman*, 6 id. 168; *Holcomb* v. *Hol-
comb*, 95 id. 322, 323, 324; *Reed* v. *McConnell*, 101 id. 270;
*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 id. 31; *Thompson*
v. *Dickhart*, 66 Barb. 604; *Gutwillig* v. *Zuberbier*, 41 Hun,
361; *Van Zandt* v. *M. B. L. Ins. Co.*, 55 N. Y. 179; *Mar-
tin* v. *N. Y., N. H. & H. R. R. Co.*, 103 id. 662; *Duff* v.
*Lyon*, 1 E. D. Smith, 536; *Taylor* v. *M. E. R. Co.*, 18 J. &
S. 311; 20 id. 299, 562; 23 id. 555; 53 Hun, 205; *Peyser* v. *M.
E. R. Co.*, 13 Daly, 122, 127; *S. A. R. Co.* v. *M. E. R. Co.*,
56 Hun, 172; *Railway Co.* v. *McCloskey*, 110 Penn. St. 436,
444.) The learned trial judge erred in excluding evidence as
to the course of trade and business on Sixth avenue. (*Drucker*

v. *M. E. R. Co.,* 106 N. Y. 157; *Hobart* v. *Hobart,* 62 id.
80; *Holcomb* v. *Holcomb,* 20 Hun, 156; *City Bank* v. *Dear-
born,* 20 N.Y. 244; *Starbird* v. *Barrows,* 43 id. 200; *Marston* v.
*Gould,* 69 id. 220, 228; *Tooley* v. *Bacon,* 70 id. 34, 37; *Vietor*
v. *Bauer,* 11 N. Y. S. R. 531.)   The learned trial judge erred
in finding, as matter of fact, a great number of severe physical
injuries caused by the railway, none of which were supported by
even a scintilla of evidence.   (Code Civ. Pro. § 993; *Bedlow* v.
*F. D. D. Co.,* 112 N. Y. 263, 269; *Todd* v. *Mason,* 109 id.
316, 322; *Matthews* v. *Coe,* 49 id. 57.)   The learned trial
judge erred in permitting the plaintiff to testify what, upon
the coming of the elevated road, she heard people say,
who were examining the apartments with a view to hiring
them, when they looked out of the front windows.   (*Denise*
v. *Denise,* 110 N. Y. 562; *Platner* v. *Platner,* 78 id. 90,
102; *Crippen* v. *Morse,* 49 id. 63, 67; *F. Bank* v. *Cowan,* 2
Abb. Ct. App. Dec. 88, 90; *Fowler* v. *H. M. Co.,* 20 Wkly.
Dig. 521; *Reddington* v. *Gilman,* 1 Bosw. 235; 2 Rumsey's
Pr. 304.)   The learned trial judge erred in refusing to permit
the plaintiff to be asked, upon cross-examination, whether she
was willing to sell her property at the price her expert wit-
nesses said it was worth.   (*Dalrymple* v. *Hannum,* 54 N. Y.
654; *Thurber* v. *Thompson,* 21 Hun, 472; *McGrath* v. *R.
R. Co.,* 63 N. Y. 522; *Hastings* v. *Stetson,* 130 Mass. 76;
*E. B., etc., R. Co.* v. *Ranck,* 78 Penn. St. 454; *C. R. Co.* v.
*Greely,* 23 N. H. 237, 242; *Langley* v. *Wadworth,* 99 N. Y.
61.)

    *G. Willett Van Nest* and *Wheeler G. Peckham* for respond-
ent.   The plaintiff having a right to an injunction, no question
arises in an appellate court as to the amount awarded for the
fee damage, and no errors in admitting evidence in respect to
fee damage are to be considered by this court.   (*N. Y. N.
Exchange* v. *M. E. R. Co.,* 21 J. & S. 511; *Lawrence* v. *M.
E. R. Co.,* 12 N. Y. Supp. 546; *Carter* v. *N. Y. E. R. Co.,*
25 J. & S. 279; *Eno* v. *M. E. R. Co.,* 24 id. 313; *Lahr* v.
*M. E. R. Co.,* 104 N. Y. 268; *Kane* v. *N. Y. E. R. Co.,* 26

N. E. Rep. 278.) It was proper to exclude an answer to the
question, "What is the result of your experience and observa-
tion in respect to the effect of the elevated railroad upon Sixth
avenue?" (*Avery* v. *N. Y. C. & H. R. R. R. Co.*, 121 N. Y.
42; *Teerpenning* v. *C. E. Ins. Co.*, 43 id. 281; *McGean* v.
*M. R. Co.*, 117 id. 223; *Tooley* v. *Bacon*, 70 id. 47; *Marston*
v. *Gould*, 69 id. 228; Lewis on Em. Domain, § 487; *Sizer* v.
*Burt*, 5 Den. 428; *Scattergood* v. *Wood*, 79 N. Y. 263; *Hol-
lender* v. *N. Y. C. & H. R. R. R. Co.*, 19 Abb. [N. C.] 18.)
It was proper to exclude answers to the question, "Will you
state whether the elevated railroad has caused any material or
substantial interference with light, air and access in any of the
buildings which you have occupied on Sixth avenue?" refer-
ring to buildings other than those in suit, and not to any build-
ings on any one of the corners of Fifty-third street and Sixth
avenue. (*Peyser* v. *M. E. R. Co.*, 13 Daly, 127; *Railway
Co.* v. *McCloskey*, 110 Penn. St. 444; *Murphy* v. *Brooklyn*,
6 N. Y. S. R. 47; *Gouge* v. *Roberts*, 53 N. Y. 619; *Pennsyl-
vania* v. *Bunnell*, 81 Penn. St. 414.) The statement of the
witness Olmstead was clearly the best evidence of the rent he
paid, which is what he was asked. His answer conforms to
Waterlow's statement of the rent, which was not objected to.
(*Dart* v. *Laimbeer*, 107 N. Y. 664.) The objection to the
question asked Waterlow, as to whether he had "formed
an opinion as to what the value of the Doyle property
would be to-day without the elevated road," required an
answer merely as to whether he had formed an opinion, but
this and the question asked Stevens as to the value the prop-
erty would have were there no road, raise no question for this
court. (*McGean* v. *M. R. Co.*, 117 N. Y. 222; *Dunscomb* v.
*Hollister*, 49 Hun, 352; *Tallman* v. *M. E. R. Co.*, 121 N. Y.
122.) The rents received in 1874 for the property in suit
were the best evidence of the rental value at that time.
(*Moore* v. *Deyo*, 22 Hun, 208; *Cary* v. *Gruman*, 4 Hill, 625;
*Hoffman* v. *Conner*, 76 N. Y. 121.) The exclusion of an
answer to the question of defendants' counsel, "Are you will-
ing to sell the property for $175,000?" was proper. The

plaintiff had answered it. An answer could not have any bearing on the determination of the issue, and the judge exercised his discretion fairly in the cross-examination which he permitted. (*People* v. *Oyer and Terminer*, 83 N. Y. 460; Thompson on Trials, §§ 415, 518.) The evidence of Saltzseider as to the rent which he paid for an old building which he had only occupied for nine months before the trial and only since the bringing of the action, was properly excluded. (*Peyser* v. *M. E. R. Co.*, 13 Daly, 127; *Gouge* v. *Roberts*, 53 N. Y. 619; *Blanchard* v. *N. J. S. Co.*, 59 id. 292; *Bradshaw* v. *R., W. & O. R. R. Co.*, 17 N. Y. S. R. 307; *P. & N. R. R. & C. Co.* v. *Bunnell*, 81 Penn. St. 414; *E. P. R. R. Co.* v. *Heiser*, 40 id. 53; *C. P. R. R. Co.* v. *Pearson*, 35 Cal. 247; *Stimson* v. *C., S. P. & M. R. Co.*, 27 Minn. 285; 1 Greenl. on Ev. § 448; Mills on Em. Domain, § 170; *Kiernan* v. *C., S. F. & C. R. Co.*, 14 N. E. Rep. 18; *N. Y. N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 511; *Washburn* v. *Milwaukee*, 59 Wis. 364; *Shattuck* v. *Stoneham*, 6 Allen, 115; *Ham* v. *Salen*, 100 Mass. 350.) The evidence as to sales concerned the fee value, and raises no question on appeal, being merely for the purpose of providing the alternative to the injunction. (*N. Y. N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 511; *Carter* v. *N. Y. E. R. R. Co.*, 25 id. 279.) Even if there be any error in the admission of testimony, that is no ground for reversing the judgment for an injunction, and it is no ground for reversing the award, by a court sitting in equity, for past damages, if the court can find sufficient evidence in the record to support that award, assuming answers favorable to the defendants to any question erroneously excluded. (*In re N. Y. C. & H. R. R. R. Co.*, 90 N. Y. 347; *Forrest* v. *Forrest*, 25 id. 501, 510; *Marsh* v. *Pierce*, 21 Wkly. Dig. 51; *Wright* v. *Dugan*, 15 Abb. [N. C.] 107; *McCall* v. *Moschowitz*, 10 Civ. Pro. Rep. 107, 108; Code Civ. Pro. § 1003; *Machen* v. *L. Ins. Co.*, 2 Civ. Pro. Rep. 28; *McGean* v. *M. R. Co.*, 117 N. Y. 219; *Doe* v. *Tyler*, 6 Bing. 561; *Shapcott* v. *Chappell*, L. R. [12 Q. B. Div.] 58.) The plaintiff was entitled to recover damages for the whole

period of six years before the bringing of the action. (*Kane*
v. *N. Y. E. R. R. Co.*, 26 N. E. Rep. 278; 34 N. Y. S. R. 876;
*Hamilton* v. *M. R. Co.*, 25 J. & S. 491; *Mortimer* v. *M. R.
Co.*, Id. 509; 1 Sedg. on Dam. 34; *Lambert* v. *Hoke*, 14 Johns.
383; 1 Chitty on Pleadings, 157; *Sumner* v. *Tileston*, 7 Pick.
198; *Harr* v. *Jackson*, 11 Mass. 519; *Jesser* v. *Gifford*,
4 Burr. 2141; *Arnold* v. *N. Y. C. R. R. Co.*, 55 N. Y. 662;
*Glover* v. *M. R. Co.*, 19 J. & S. 1, 3; *Broiestadt* v. *S. S. &
R. R. Co.*, 55 N. Y. 220; *Corning* v. *T. I. & N. Foundry*,
40 id. 191; *Campbell* v. *Seaman*, 63 id. 568; *Shepard* v. *M.
E. R. Co.*, 117 id. 442; *Mitchell* v. *M. E. R. Co.*, 56 Hun,
543; *Doyler* v. *Lord*, 64 N. Y. 433; *Jawes* v. *Plant*, 4 Ad.
& El. 749; *Bertie* v. *Beaumont*, 16 East, 33, 36; *Cushing* v.
*Kenfield*, 87 Mass. 307; *Wheelock* v. *Noonan*, 108 N. Y. 578;
*Rochester* v. *N. Y., L. E. & W. R. Co.*, 110 id. 128.) Bene-
fits cannot be allowed for. (*Francis* v. *Schoellkopf*, 53 N. Y.
152; *Eagle* v. *Clearing*, L. R. [2 C. P.] 638; *Sanderson* v.
*Pennsylvania*, 102 Penn. St. 370; *Marcy* v. *Fries*, 18 Kans.
353; 1 Sedg. on Dam. 56; *N. Y. N. E. Bank* v. *M. E. R.
Co.*, 108 N. Y. 660; Laws of 1850, chap. 140, § 16; Laws of
1875, chap. 656, § 20.) The judgment of injunction must be
affirmed, even if there be any error as to the award of past
damages. (*Tallman* v. *M. E. R. Co.*, 121 N. Y. 119; Code
Civ. Pro. § 1317; *Corning* v. *T. I. & N. Co.*, 40 N. Y. 221;
Bump on Patents, 629; *Smith* v. *Rochester*, 38 Hun, 612;
*Webb* v. *Portland*, 3 Sumn. 189; *Meyer* v. *Phillips*, 97 N.
Y. 490, 491.) It was proper to ask a qualified expert witness:
"What in your judgment would the property be worth
without the elevated road?" (*Joy* v. *Hopkins*, 5 Den. 84;
*Clark* v. *Baird*, 9 N. Y. 183; *Rochester* v. *Budlong*, 10 How.
Pr. 289; *Hine* v. *N. Y. E. R. R. Co.*, 36 Hun, 293; *In re
City of Rochester*, 40 id. 588; *Vanderburg* v. *Boston*, 21
Wkly. Dig. 474; *Reed* v. *R., W. & O. R. R. Co.*, 48 Hun,
231; *Teerpening* v. *Corn Exchange*, 43 N. Y. 282; *N. Y.
N. E. Bank* v. *M. E. R. Co.*, 21 J. & S. 511; 108 N. Y.
660; Lewis on Em. Domain, 436; *Guiterman* v. *Liverpool*,
83 N. Y. 365; *Dunscomb* v. *Hollister*, 49 Hun, 352.)

Earl, J.   This action was commenced by the plaintiff, an abutting owner upon defendants' railway, to recover damages to her abutting premises by the maintenance and operation of the railway and to restrain the defendants from maintaining and operating the same.   Upon the trial, she gave evidence tending to show the damage to both the rental and fee value of her premises, and the court found the rental damage to be twelve thousand dollars, and the fee damage to be sixteen thousand dollars, and ordered judgment in her favor for the twelve thousand dollars, and an injunction restraining the defendants from operating their railroad in front of her premises, the injunction, however, not to be issued for a period of sixty days after the entry of judgment, to enable the defendants to acquire her easements in the street by condemnation proceedings, or by the payment of the sum of sixteen thousand dollars.   The judgment thus rendered having been affirmed at the General Term, the defendants have appealed to this court.

According to our decision in the case of *Galway* v. *These same defendants*,* the plaintiff's cause of action was not barred by the Statute of Limitations or by *laches,* and we need say nothing more in reference to these objections to her right to recover.

There was a serious controversy upon the trial as to the amount of plaintiff's damages, and the defendants claim that improper evidence was received upon that subject.   A real estate expert was produced as a witness on her behalf and asked this question: "What, in your judgment, would the property be worth without the elevated railroad?"   This was objected to by the defendants, and each of them, as hypothetical, speculative and incompetent; and the court overruled the objection, and the witness answered: "Think they would be worth $200,000 to $225,000."   He had previously testified that the present value of the premises was $150,000 to $175,000.   We have just decided in the case of *Roberts* v. *Elevated Railroad Company,* that a similar question was

*Ante, page 132.

incompetent, and that it was erroneous to allow it to be answered, and we need say no more about it now. For this error the judgment must be reversed.

But there were other erroneous rulings upon questions of evidence. The plaintiff was permitted, against the objection of the defendants, to prove the effect of the operation of the road upon the premises upon the corner opposite to that upon which her premises were situated. It is probably true that the exposure of those premises to damage from the road was greater than that to the plaintiff's premises. But we think it was competent to prove the effect upon those premises so that the trial judge could be informed generally of the effects produced by the operation of the road. But the defendants were prohibited, upon her objections, from giving similar evidence. Her premises, it must be borne in mind, were at the south-east corner of Fifty-third street and Sixth avenue. Jackson, a witness for the defendants, who had been conducting a grocery business for six years at the corner of Fifty-first street and the avenue, and still earlier at the corner of Twenty-fourth street, was asked this question : " Will you state whether the elevated railroad has caused any material or substantial interference with light, air and access in any of the buildings which you have occupied on Sixth avenue ? " Plaintiff's counsel objected to this as " incompetent and immaterial, and because the witness had never occupied the Doyle buildings." Archer, another witness for the defendants, who, for seven years, had occupied a store on the south-east corner of Fifty-seventh street and Sixth avenue, was asked this question : " State whether the railroad causes any interference with the light, air and access of the buildings which you occupy on Sixth avenue ? " This was objected to as incompetent and immaterial. He was also asked this question: " State whether the elevated railroad, according to your observation, affects in any way the light, air or access of any of those buildings on the east side of Sixth avenue ? " This was objected to as too broad. The counsel for the defendants then said that he would qualify the question " by putting it between Fifty-first street and Fifty-seventh

street," and plaintiff's counsel again objected to the question on the "ground that the question should refer to the Doyle property." Salzseider, who owned and resided in a building on the south-west corner of Fifty-fourth street and Sixth avenue, was asked this question: "State whether the passage of the trains caused any flickering of light in your rooms?" This was objected to as immaterial and incompetent. He was also asked this question: "Did the existence of the elevated railroad cause any interference with the access to your premises?" This was objected to on the same grounds. Prigge,. also a witness for the defendants, who had for many years occupied a building on the north-west corner of Fifty-ninth street and Sixth avenue for the grocery business and as a residence, was asked this question: "Has the elevated railroad affected the light, air or access of the premises which you occupied in any material or appreciable degree?" To this there was a general objection specifying no grounds. These objections to these questions were all sustained. These witnesses were asked to testify to facts within their knowledge. Sixth avenue is a broad avenue of uniform width, and while the premises occupied by the witnesses were not in their situation exactly like the plaintiff's, they were similarly situated, and the questions would have elicited facts proper for the guidance and information of the court. It was proper for the defendants to show the general effects of the road upon abutting premises. Much of the damage which the plaintiff claimed was caused to her premises, if it was actually caused to the extent claimed by her, must have been common along the avenue in the vicinity of her premises, and proof of the effects upon other premises not too distant from hers should have been received. The court may, undoubtedly, in such a case, in the exercise of its discretion, limit the number of witnesses to be called, and may confine the examination of the witnesses to premises in the vicinity, giving a reasonable range. But it cannot properly confine the examination to the particular premises in question and exclude all proof offered as to the general effects upon other premises.

The defendants also offered evidence as to the effects of the elevated road upon the business and traffic in Sixth avenue, which was improperly excluded. The defendants put the following questions to several witnesses who had done business for several years upon Sixth avenue in the vicinity of the plaintiff's premises, and who appeared to be familiar with the avenue and its business, and competent to speak in reference thereto: "What have you observed in respect to the effect of the elevated railroad upon property in this avenue?" "What has been the effect of the elevated railroad upon the business in Sixth avenue?" "What has been the effect of the elevated railroad upon Sixth avenue as a business street?" "What has been the course of business in that vicinity since the elevated railroad was built in that vicinity?" "State whether, since the elevated railroad has been built in that street, business has increased over what it was before the elevated?" "What is the volume of business in Sixth avenue in that vicinity since the elevated railroad as compared with what it was before?" "Has there been a change in Sixth avenue in regard to the amount and character of business done there since the elevated railroad from what there was before the road?" These questions were all objected to by plaintiff's counsel as incompetent and immaterial, and the court sustained the objections. The plaintiff's premises consisted of five four-story flat houses, with stores under them occupied for business purposes. It was certainly competent for the defendants to show that the premises, so far as they were occupied for business purposes, were not damaged, but were actually benefited by the existence of the defendants' road. These questions called, not so much for the opinions of the witnesses, as for the facts open to their observation. In answering such questions the witnesses should be confined mainly to giving observed facts, and they should not be permitted to give mere speculative opinions. Similar evidence was held competent in the case of *Drucker* v. *Manhattan Railway Co.* (106 N. Y. 157). In that case the plaintiff, as a witness, was asked this question: "What effect, if any, has it (the railway) had upon

the business of that store?" The defendants' counsel objected to "his stating the effect on the business; the inquiry should be as to the effect on values. It is irrelevant, immaterial and incompetent." The objection was overruled, and witness answered: "Customers don't come there any more as they used to on account of the smoke, dirt, noise and cinders what is there; and it is very dark in the stores; we can't show the goods, and before we could stand at the counter and show them, and now there is no light." He was also asked this question: "What was the condition of the property you owned and rented there, was business good before that?" He answered: "Certainly." He was then asked this question: "How is it now?" This was objected to by defendants' counsel as immaterial, incompetent and irrelevant; the objection was overruled, and he answered: "Nothing to what it has been." He was then asked this question: "Is there as much traffic on the street now as before the construction of the road?" This was objected to on the same grounds; the objection was overruled, and he answered: "No, sir." The plaintiff's wife was asked this question: "Was business ever before the construction of the road as bad as it was at the time of the commencement of this action, in December, 1882?" Objections on the same grounds were overruled, and she answered: "It was not, and from what I have heard of others they say the same." Another witness for the plaintiff was permitted to testify, against similar objections on behalf of the defendants, as follows: "I know business was changed materially in consequence of the elevated road. Falling off in business became first apparent when the road was first completed, when they first began talking about putting the road through that street." It was of this evidence that Judge FINCH in his opinion in that case pertinently said: "Objection was made to the proof that since the building of the elevated road the trade and business of Division street has fallen off and the current of custom had largely lessened in volume and changed in character, and upon the ground that injury to the plaintiff and not to his neighbors was alone

material.  But to measure and appreciate that individual loss, the nature and extent of the general injury was necessarily to be considered.  To ascertain how much the plaintiff was injured by the impairment of his easement required a survey of the general facts and a deduction from them of the particular and special damage to be estimated."

In this class of cases it is quite improper to permit expert witnesses to speculate as to the facts and then base a speculative opinion upon the facts.  Such witnesses may give opinions as to the present or past value of property based upon facts which they have observed, and they may give opinions on other matters which are the proper subject of expert evidence based upon facts known to them or proved by competent evidence; and thus there will be a sufficient range for expert evidence. So far as possible facts should be placed before the triers of fact and their unbiased, disinterested inferences from the facts, and opinions upon the facts, will serve the ends of justice much better than the prejudiced opinions of hired experts.

For the errors mentioned the judgment should be reversed and a new trial granted, cost to abide the event.

All concur, PECKHAM and GRAY, JJ., in result.

Judgment reversed.