### HUGGINS *et al.* *v.* MANHATTAN RY. CO.

(*Common Pleas of New York City and County, General Term.* November 7, 1892.)

ELEVATED RAILROADS—APPROPRIATION OF EASEMENTS—MEASURE OF DAMAGES.

In an action for damages for the maintenance and operation of an elevated railroad in the street in front of plaintiff's property, it is error for the court to charge that the jury should not abate anything of their award to plaintiff on account of an enhancement in the value of the premises from the presence of the railroad, if such enhancement of value was likewise imparted to other property not situated on the street. *Bohm* v. *Railroad Co.*, 29 N. E. Rep. 802, 129 N. Y. 576, and *Becker* v. *Railroad Co.*, 30 N. E. Rep. 499, 131 N. Y. 509, followed.

Appeal from trial term.

Action by John P. Huggins and others against the Manhattan Railway Company for damages from the maintenance and operation of an elevated railroad in front of plaintiffs' premises. From a judgment entered on a verdict for plaintiffs, and from an order denying a new trial, defendant appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Brainard Tolles,* of counsel,) for appellant. *Sackett & Lang,* (*Guernsey Sackett,* of counsel,) for respondents.

PRYOR, J. The appellant impeaches the judgment for error in the charge and in the admission of evidence, but, as we are of the opinion that the first ground of reversal is sufficient, the second may be dismissed from consideration.

The quantum of damage sustained by plaintiffs from the invasion and appropriation of their easements in the street by defendant's railroad was the subject of strenuous controversy between the parties, and was submitted to the judgment of the jury upon evidence of an extremely uncertain and indeterminate character. Obviously, therefore, it was of capital importance to a correct solution of the question that the presiding judge should propound to the jury the true criterion by which to ascertain the amount of that damage.

Nevertheless, the learned judge instructed the jury that "the plaintiffs are entitled to all damages caused by the illegal interference of the defendant with their easements by the maintenance and operation of the railroad in the street, regardless of any benefits which the defendants may claim resulting to them, or to said premises generally, in common with other premises not abutting on through which said road is maintained, but to be offset by peculiar benefits." And, again, that "the benefits to the plaintiffs' premises which the defendant is entitled to offset against the damages which the plaintiffs sustained, if any, by the defendant's illegal acts, must be limited to such as are shown by the evidence to be special to the property abutting on the street on which the road is erected, and not such as are general, and shared in by all other premises in this neighborhood not abutting on the streets through which the road runs."

Thus, in the most precise and peremptory terms, the learned trial judge repeatedly admonished the jury not to abate anything of their award to the plaintiffs on account of an enhancement in the value of their premises from the presence of the railroad, if such enhancement of value was likewise imparted to other property not situated on the street.

That the instruction submitted to the jury an erroneous rule of damages is adjudicated by the court of appeals in *Bohm* v. *Railroad Co.,* 129 N. Y. 576, 29 N. E. Rep. 802, and in *Becker* v. *Railroad Co.,* 131 N. Y. 509, 30 N. E. Rep. 499.

Upon the record we are unable to affirm of the instruction that it was of no effect on the verdict or detriment to the defendant. *Moore* v. *Railroad Co.,* 130 N. Y. 523, 529, 29 N. E. Rep. 997. By twice procuring the court to exclude from consideration by the jury and from credit to the defendant the value of general benefits to their property, the plaintiffs emphasized their appreciation of the influence of the instruction upon the magnitude of the verdict; and, as the case contains evidence to justify an inference that the presence of the railroad operated a general enhancement of value in property in the vicinity, but not upon the street, the conclusion is that the jury, obeying the instruction of the court, declined to reduce the amount of damages by an allowance for such common enhancement of value in plaintiffs' premises. *Newman* v. *Railroad Co.,* 118 N. Y. 623, 23 N. E. Rep. 901; *Purdy* v. *Railroad Co.,* (Com. Pl. N. Y.) 13 N. Y. Supp. 295; *Welsh* v. *Railroad Co.,* (Com. Pl. N. Y.) 12 N. Y. Supp. 545.

Judgment reversed, and new trial ordered, costs to abide event. All concur.