ODELL v. METROPOLITAN EL. R. CO. et al.

(Superior Court of New York City, General Term.  April 3, 1893.)

1. EMINENT DOMAIN—RIGHTS OF LESSEE—INJUNCTION.
   Where a lessee recovered damages against an elevated railroad company, and the operation of the road in front of his premises was enjoined, it was error to grant an injunction which would be operative after the expiration of the lease.

2. SAME—MODIFICATION ON APPEAL.
   Such error does not necessarily call for a reversal, as the judgment can be modified by limiting the operation of the injunction to the period covered by the lease.

3. SAME—COMPENSATION—EVIDENCE.
   Where a former tenant of the property in question, called as a witness by plaintiff, testified on cross-examination that the road increased his business, it was error to exclude, on the ground that it was immaterial, the question, "How much rent more, in your opinion, was it worth on account of the road being there?"

4. REVIEW ON APPEAL—OBJECTIONS TO EVIDENCE.
   No ground of objection to the question except as to its immateriality being assigned, the court cannot consider any other in support of the objection, and, though the question seems to be objectionable on other grounds, its exclusion on that of immateriality calls for a reversal of the judgment.

Appeal from equity term.

Action by Mary J. Odell against the Metropolitan Elevated Railroad Company and others for damages, and for an injunction. From a judgment in favor of plaintiff, defendants appeal. Reversed.

Argued before DUGRO and GILDERSLEEVE, JJ.

Davies & Rapallo, (Herbert Barry, of counsel,) for appellants.

Sackett & Bennett, (Henry W. Sackett, of counsel,) for respondent.

GILDERSLEEVE, J.   The judgment awards to plaintiff the sum of $2,831.61 damages and costs, and enjoins the defendants from operating their elevated railroad in front of plaintiff's premises, unless defendants pay to plaintiff $300, with interest from the entry of the judgment, and stipulate not to use the judgment as a bar to a subsequent action for injuries inflicted after 1890. The plaintiff's leasehold estate, under the lease by which she claimed title when she brought suit, expired February 1, 1890, and the renewal was at her option. Therefore, on that date, the plaintiff's interest, which the action was brought to protect, ceased. It was error to grant an injunction which would be operative after February 1, 1890. This error does not necessarily call for a reversal, as the judgment can be modified by limiting the operation of the injunction to the period covered by the lease. Welsh v. Railroad Co., (Com. Pl. N. Y.) 12 N. Y. Supp. 545.

Under the third point in the brief of the learned counsel for the defendants our attention is directed to an alleged error in the exclusion of evidence that we believe to be fatal to the validity of the judgment. John Connors, a former tenant of one of the buildings in question, was called by plaintiff, and, after testifying to some

annoyance from the railroad, stated, on cross-examination, as follows: "It made a big increase for my business. The railroad helped my business one hundred per cent., that is all.  *  *  * We had a nice business there, and I guess the elevated road helped us a good deal. The trade of that place helped me a good deal. Question. How much rent more, in your opinion, was it worth on account of the road being there?" Counsel for plaintiff objected to the question as immaterial. The court sustained the objection, and the defendants' counsel duly excepted. This ruling cannot be sustained on the ground on which it was actually placed, to wit, immateriality. The form of objection admits the competency of the evidence, and we are not at liberty to consider any other ground than that of materiality in support of the objection. Ward v. Kilpatrick, 85 N. Y. 416; In re Thompson, 127 N. Y. 467, 28 N. E. Rep. 389; Tooley v. Bacon, 70 N. Y. 37; Marston v. Gould, 69 N. Y. 220; Vietor v. Bauer, 11 N. Y. St. Rep. 532; Height v. People, 50 N. Y. 395; Lefever v. Lefever, 30 N. Y. 40; Purdy v. Railroad Co., (Com. Pl. N. Y.) 13 N. Y. Supp. 295. Although the question seems to be objectionable on grounds not taken at the trial, its exclusion on the ground of immateriality—the only ground offered in support of the objection—calls for a reversal. Doyle v. Railway Co., 128 N. Y. 488, 28 N. E. Rep. 495; Purdy v. Railroad Co., (Com. Pl. N. Y.) 13 N. Y. Supp. 295; Welsh v. Railroad Co., (Com. Pl. N. Y.) 12 N. Y. Supp. 545. Since the trial of this action it has been effectually settled by the decision in the Newman Case, 118 N. Y. 618, 23 N. E. Rep. 901, and many others unnecessary to consider, that evidence of benefits is material and admissible. Having reached the conclusion that the judgment should be reversed for this assignment of error, it is unnecessary to discuss any of the other questions raised by the appeal. The judgment should be reversed, and a new trial granted, with costs to abide the event.