ODELL *v.* THE METROPOLITAN ELEVATED RAILWAY COMPANY
and THE MANHATTAN RAILWAY COMPANY.

(New York Superior Court—General Term, April, 1893.)

In an action to recover damages to plaintiff's leasehold interest in property abutting a certain street in the city of New York, because of interference with her easements therein by the construction and operation of defendants' elevated railway, it appeared that the lease in question expired February 1, 1890.  *Held*, that the granting of an injunction which would be operative after that date in the event of defendants' refusal to acquire plaintiff's easements, was error.

A witness was asked, "How much rent more, in your opinion, was it worth (meaning plaintiff's premises) on account of the road being there?"  This was excluded as immaterial.  *Held*, that while the question was objectionable on grounds not taken on the trial, it was error to exclude it as immaterial, as evidence of benefits is always material and admissible.

APPEAL from a judgment of the equity term.

*Sackett & Bennett* (*Henry W. Sackett*, of counsel), for plaintiff (respondent).

*Davies & Rapallo* (*R. L. Maynard* and *Herbert Barry*, of counsel), for defendants (appellants).

GILDERSLEEVE, J. The judgment awards to plaintiff the sum of $2,931.61, damages and costs, and enjoins the defendants from operating their elevated railroad in front of plaintiff's premises, unless defendants pay to plaintiff $300, with interest from the entry of the judgment, and stipulate not to use the judgment as a bar to a subsequent action for injuries inflicted after 1890.

The plaintiff's leasehold estate, under the lease by which she claimed title when she brought suit, expired February 1, 1890, and the renewal was at her option. Therefore, on that date, the plaintiff's interest, which the action was brought to protect, ceased. It was error to grant an injunction, which would be operative after February 1, 1890. This error does not necessarily call for a reversal, as the judgment can be modified by limiting the operation of the injunction to the period covered by the lease. *Welsh* v. *N. Y. El. Ry. Co.*, 12 N. Y. Supp. 545.

Under the third point in the brief of the learned counsel for the defendants, our attention is directed to an alleged error in the exclusion of evidence that we believe to be fatal to the validity of the judgment.

John Connors, a former tenant of one of the buildings in question, was called by plaintiff, and, after testifying to some annoyance from the railroad, stated, on cross-examination, as follows : " It made a big increase for my business. The railroad helped my business one hundred per cent, that is all. * * * We had a nice business there, and I guess the elevated road helped us a good deal. The trade of that place helped me a good deal." Q. " How much rent more, in your opinion, was it worth on account of the road being there ? " Counsel for plaintiff objected to the question as immaterial.

The court sustained the objection, and the defendants' counsel only excepted.

This ruling cannot be sustained on the ground on which it was actually placed, to wit, immateriality. The form of objection admits the competency of the evidence, and we are not at liberty to consider any other ground than that of materiality in support of the objection. *Ward* v. *Kilpatrick*, 85 N. Y. 416; *Matter of Thompson*, 127 id. 467; *Tooley* v. *Bacon*, 70 id. 37; *Marston* v. *Gould*, 69 id. 220; *Vietor* v. *Bauer*, 11 N. Y. St. Repr. 532; *Height* v. *People*, 50 N. Y. 395; *Lefever* v. *Lefever*, 30 id. 40; *Purdy* v. *Met. El. R. Co.*, 36 N. Y. St. Repr. 47.

Although the question seems to be objectionable on grounds not taken at the trial, its exclusion on the grounds of immateriality, the only ground offered in support of the objection, calls for a reversal. *Doyle* v. *Manhattan R. Co.*, 128 N. Y. 488; *Purdy* v. *Manhattan R. Co.*, 36 N. Y. St. Repr. 43; *Welsh* v. *N. Y. El. R. Co.*, 12 N. Y. Supp. 545.

Since the trial of this action it has been effectually settled by the decision in the *Newman Case*, 118 N. Y. 618, and many others unnecessary to consider, that evidence of benefits is material and admissible.

Having reached the conclusion that the judgment should be reversed for this assignment of error, it is unnecessary to discuss any of the other questions raised by the appeal.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Dugro, J., concurs.

Judgment reversed and new trial granted.