EDWARD MITCHELL *et al.*, Respondents, *v.* THE METRO-
POLITAN ELEVATED RAILWAY COMPANY *et al.*, Appel-
ants.

*Court of Appeals, March 8, 1892.*

1. *Evidence. Elevated railroad.*—In an equity action to restrain an ele-
vated railroad company from operating its road in a street in front of
the plaintiff's premises, when final and complete compensation is in-
volved, a witness may testify what the value of the property was, and
at the present time is, on the assumption that the elevated road was not
there, where the evidence is taken as one of the factors in the ascer-
tainment of damages, and the question as to the application of it is
reserved.
2. *Appeal. Reversal.*—Where an abutting owner has recovered in one
action the damages for which two actions might properly have been
brought, justice should not be delayed by a reversal, in the absence of
any exception clearly presenting a protest.
3. *Same. Objection.*—Where an objection to a question is based upon the
assumption that the witness may possibly include in his answer some
improper matter, the court may properly admit the answer, and await
a subsequent motion to strike out, in case it appears from the answer,
or the cross-examination, of the witness that the assumption in the
objection was actually the fact.

Appeal from a judgment of the general term of the su-
preme court, first department, affirming a judgment in favor
of the plaintiffs, entered after trial at special term upon the
decision of the court.

The judgment, conformably with the complaint, contains
an injunction restraining defendants from maintaining and
operating their elevated railroad in front of defendant's
premises, No. 104 South Fifth avenue, unless within a time
limited by the judgment they pay plaintiffs the sum of $3,000
adjudged to be the value of the easements belonging to the
plaintiffs and appropriated by the defendants for the perma-

nent location of the existing structure of the railway and for the operation thereof forever.

The judgment awards $900 as the value of the property taken from the date of taking and the date of the decision.

*Brainard Tolles*, for appellants.

*William Mitchell*, for respondents.

LANDON, J.—The appellants present but a single objection to the judgment, namely, that the court adopted an erroneous measure of damages in ascertaining the compensation to be made for plaintiff's easements.

There are two answers to this objection: First, the fact assumed in it does not clearly appear; second, it is not clearly presented by any exception. The fact assumed is that the court in awarding the plaintiffs fee damages increased them by adding damages for the wrongs and trespasses committed by the defendants. Since the case was tried this court has in this class of cases recognized the distinction between fee damage and damage for tort feasance, that is to say, the distinction between compensation for the easements of light, air and access taken by the defendants, and damages to the land not taken but by subsequent acts wrongfully injured. Am. Bank Note Co. *v.* N. Y. El. R. R. Co., 41 St. Rep. 531 ; Messenger *v.* Metropolitan El. R. Co., 42 Id. 96.

By its decision the court found the value of the easement and property taken ; no opinion was written ; no rule of damages was announced during the trial ; testimony was given by the respective parties according to their theories for the consideration of the court : the decision does not state how the court measured the damages ; the general term in its opinion says that the evidence was sufficient to sustain a much larger award than was actually made, an opinion from which we see no reason to dissent.

No exception clearly presents the question. Stress is laid

by the defendant's counsel upon this question, which one of the plaintiffs was permitted to answer :

" Q. What, at the time of the commencement of this action was, and at the present time is, the value of the plaintiffs' property in question, on the assumption that the elevated railroad is not there ?

" Counsel for defendants objected to the question as immaterial, incompetent, irrelevant and as not the measure by which to estimate the amount of permanent damages ; and that such evidence would include all annoyances by the road as affecting the fee value of the premises, and not merely the value of the easement.

" The Court. I will take the evidence as one of the factors in the ascertainment of damages, and reserve the question as to the application of it. Counsel for defendants duly excepted. A. From $40,000 to $45,000."

The fact thus called for was material and relevant, and was, as the trial court remarked, one of the factors in the ascertainment of damages. The Pappenheim case, 128 N. Y. 436–449 ; 40 St. Rep. 445, a case similar to this, distinctly so holds.

No point touching the competency of the opinion of the witness upon the amount of damages was presented by the objection, as in the Roberts case, 128 N. Y. 455 ; 40 St. Rep. 454, nor upon a speculative or imaginary condition of things, as in the Doyle case, 128 N. Y. 488 ; 40 St. Rep. 474, but the objection was based upon the assumption that the witness might possibly include in his answer as elements of fee damage some element of the damage subsequently done by the defendants as tort feasors. Whether the fact assumed in the objection was actually the fact could be brought out upon the cross-examination of the witness and it was not improper for the court to admit the answer, and await such motion to strike out as counsel might make. No such motion was made, The defendants' requests to find do not present the distinction now insisted upon. They were to the effect

that the value of the easements themselves taken by the defendants was merely nominal. Such requests presented only part of the case, and without more would not present the objection now urged. Plaintiffs' easements of light and air were taken to the extent that they were destroyed or fenced out, and as·the excluding structure or fence was to be permanent, the taking and the permanent means of taking must in measuring their value be considered together.

Again, this complaint was framed with the view to the recovery of all damages the defendants had inflicted upon the plaintiffs' property rights in their lot. It stated the facts, and characterized them as a taking of property, but the characterization did not impair the force of the facts alleged.

In the light of subsequent decisions doubtless the plaintiffs could have brought two actions instead of one. It may be easy to state in the abstract the legal distinction between fee damage and damage arising from constant tort feasance, but not so easy in the concrete case to see the line which divides them.

If the plaintiffs have recovered in one action the damages they might have divided among two in the absence of any exception clearly presenting a protest, justice should not be delayed by a reversal.

Judgment should be affirmed, with costs.

All concur.

---

### NOTE.

As to the competency of expert evidence of the value of property in case an elevated railway had not been built and operated, see Roberts v. N. Y. E. R. Co., 128 N. Y. 455; Doyle v. Man. R. Co., Id. 488; Gray v. Same, Id. 499; McGay v. Same, 40 N. Y. St. Rep. 668; Wallach v. Same, Id. 669; Delafield v. Same, Id. 670.