GRAY *v.* MANHATTAN EL. RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* January 5, 1891.)

EMINENT DOMAIN—COMPENSATION—EVIDENCE OF BENEFITS.

In an action, the judgment in which awarded an injunction against the maintenance of defendants' elevated railway in the street in front of plaintiff's property, with a condition that it should be inoperative on payment of certain damages from its maintenance, defendants were not allowed to show special benefits to plaintiff's property from the proximity of the railroad and its stations, which benefits might have been found to preponderate over the injury. *Held,* that such judgment must be reversed. Following *Newman* v. *Railway Co.*, 118 N. Y. 618, 23 N. E. Rep. 901.

Appeal from special term.

Action by John A. C. Gray against the Manhattan Railway Company, the New York Elevated Railroad Company, and the Metropolitan Elevated Railway Company. Defendants appeal from a judgment for plaintiff entered on trial by the court without a jury.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Davies & Rapallo*, (*Julien T. Davies* and *Samuel Blythe Rogers*, of counsel,) for appellants. *Smith & Perkins*, (*George Putnam Smith*, of counsel,) for respondent.

PRYOR, J. Appeal from a judgment in equity, restraining the maintenance of defendants' railroad along the highway in front of plaintiff's premises, situate at the north-east corner of Ninth avenue and Seventy-Seventh street, in the city of New York. The action is for injunctive relief only, no claim being made on account of past injuries. The court awarded the injunction, coupled with a condition that it should be inoperative upon payment by defendants of $8,000, as damages to the fee from the maintenance of the railroad. The trial occurred prior to the decision in *Newman* v. *Railway Co.*, 118 N. Y. 618, 23 N. E. Rep. 901, and at a time when, by the current adjudications of the courts, benefits to property from the presence of the railroad were not allowed to affect the amount of recovery for injuries by the railroad. On the trial defendants endeavored, but endeavored in vain, to avail themselves of those benefits in mitigation of those injuries. Thus they proposed the following conclusion of law, which the court refused, and to which refusal they duly excepted: "In estimating the value of plaintiff's easements, if any, the benefits resulting to said premises, and peculiar thereto, from the maintenance and operation of said railway, are entitled to be set off against the inconveniences thereto, resulting from the said maintenance and operation." Again, defendants requested this finding of fact, namely, "The value of the plaintiff's easements taken, appropriated, or interfered with, and resulting from the perpetual maintenance and operation of the defendants' railway, over and above the said benefits resulting therefrom to the said premises and peculiar thereto, is the sum of ——— dollars." This request

was likewise refused, and to the refusal exception was duly taken. Nay, more, in its findings of fact, (seventeenth,) the court implicitly excluded any and all allowances for benefits from its estimate of damages to the property; and to this ruling again defendants took the appropriate exception. Thus, by every legal expedient, defendants presented the proposition that they were entitled to credit for any special and peculiar benefit their railway conferred on the property; and thus the court, by its rulings, refused them any allowance for such benefit. The contention of respondent that, notwithstanding this distinct rejection by the court of defendants' claim for benefits, the court is still to be assumed to have allowed them in computation of its award, is plainly inadmissible; for—*First*, it conflicts with the presumption, prevalent in all forensic proceedings, that error is detrimental, unless the contrary be clearly and conclusively apparent; and, *secondly*, if error in a ruling by the court be canceled, by a presumption that such error was of no effect in its decision, then obviously the judgment of the court is invulnerable, and the process of appeal an idle and ineffectual formality. If, however, we concede the presumption for which respondent contends, it would prevail only in the absence of proof that the error of the court was operative in its judgment; but, upon the record before us, the inference is irresistible that, in the award of damages to plaintiff, all consideration of benefit to his property was excluded. By plaintiff's own witnesses, it appears that the property in question has risen from $24,000, its value before the railroad was built, to $84,000, its value after the construction and operation of the road. But it is argued that this enormous enhancement of value is not the effect of those special and peculiar benefits from the road with which defendants may be credited, but is due to that general appreciation of property which accrues to the public generally, and is not, therefore, chargeable against plaintiff in the computation of his damages. *Newman* v. *Railway Co.*, 118 N. Y. 618, 23 N. E. Rep. 901. What are the "special and peculiar" benefits to property from the presence of the railroad, which the court of appeals says must be deducted in the award of damages to plaintiff? Are they such benefits as his property, and his property alone, enjoys from the railroad? If so, then the several owners of two contiguous lots, increased in value by the road, would neither be chargeable with benefits, although, if the lot of one only were advantaged, the award for his property might be reduced by the benefit possibly to a nominal sum,—a palpable *reductio ad absurdum*. But, if two lots may be chargeable with benefits, why not ten, or a hundred, or all the lots along the line of the railroad? Plainly, the test is not the number of properties benefited; but the criterion is the relation of the properties to the railroad, and the specific effect of the railroad upon their value. By the express terms of the court of appeals decision, the distinction is between the increase of value from the growth of public improvements, which "accrues to the public benefit generally," and "the special and peculiar advantages which the property receives from the construction and operation of the road and the location of the stations." Hence an increase of value which plaintiff's property enjoys from the railroad, in common with the public "generally," is a benefit with which defendants are not to be credited as against the plaintiff; but an increase of value which plaintiff's property derives from the railroad, and which is not participated in by the public generally, is a special and peculiar benefit with which the railroad is to be credited, no matter what the number of properties upon which such special and peculiar benefit is bestowed. If the benefit be directly derived from the railroad, either by the proximity of its stations, or the facility of access it affords, and be not shared by the general public, then it is a special and peculiar benefit. Now, it abundantly appears in the case that the enhancement in value of plaintiff's property is attributable directly to the proximity of defendants'-stations, and to the approach to it, by which defendants' railroad rescued it from its former se-

cluded and inaccessible locality. And that this benefit is "special and peculiar," is demonstrated by the unchallenged proof that property, in the parallel and adjacent avenues along which the railroad does not run, exhibits nothing of that prodigious rise in value which is so conspicuous in plaintiff's property. Indeed, that plaintiff's property is specially and peculiarly benefited by defendants' railroad is, in effect, conceded by the trial court, which found "that said premises would not be worth as much as they are had the said railway and station not been built." But that this special and peculiar benefit was not allowed to defendants in the assessment of plaintiff's damages is evident in the fact that, whereas plaintiff's property has increased $60,000 in value since the railroad, the court awarded him $8,000 damages from the railroad,—manifestly an impossible result, had any deduction been made on account of benefits from the railroad. The inquiry, then, is, did the court err in its rejection of the proposition of law submitted by the defendants? In other words, was not the amount of award to plaintiff for his property taken by defendants subject to reduction by an allowance for benefits specially and peculiarly accruing to his property from the presence of defendants' railway? Since the decision of the *Newman Case*, the question is no longer open, at all events in this court. In that case (118 N. Y. 618, 23 N. E. Rep. 901) the judge charged the jury that they "had no right to take into consideration any benefit to the premises," and this the court of appeals unanimously held to be a fatal error. The court says (page 625, 118 N. Y., and page 903, 23 N. E. Rep.) that, "in making an award to a party situated as the plaintiff was with reference to the defendants' railroad, [the relation of this plaintiff to defendants' railroad is identical,] there would be no compensation for property taken beyond a nominal sum, and that his right to recover would rest chiefly upon proof of consequential damages. An estimate of such damages involves an inquiry into the effect of the railroad upon the whole property, and a consideration of all its advantages and disadvantages." Again, the court say (page 624, 118 N. Y., and page 902, 23 N. E. Rep.) that the "commissioners must consider the effect of the road upon the whole of the remainder [of plaintiff's property,] its advantages and disadvantages, benefits and injuries; and, if the result is beneficial, there is no damage and nothing can be awarded." Still further, criticising the charge below, the court say, (pages 627, 628, 118 N. Y., and page 903, 23 N. E. Rep.:) "If the rule which the court held in this case is to govern awards made against railroad companies whose structures are erected in the public streets, under public authority, when no land is taken, and the compensation is confined to injuries sustained by abutting property, the companies will be compelled, in many instances, to pay where no injury has been done, and parties will recover who have sustained no loss. Such a rule has not yet received judicial sanction." Plainly and incontestably, the ruling under review is irreconcilable with the doctrine of the court of appeals; and equally certain is it that the ruling would not have been made by the very accurate and careful trial judge had the decision of the *Newman Case* been promulgated when he gave judgment in the case before us. If the refusal of the court to apply the law, as submitted by appellant, merely affected the amount which appellant might pay in avoidance of the injunction, the error would be ineffectual to reverse the judgment; but it goes to the very foundation of the action, and involves the question whether plaintiff be entitled to injunctive relief; for, had the gain to plaintiff's property from the railroad been set off against the loss, we cannot say but that the court would have found that the benefit preponderated over the injury, and so, that no case was shown for an injunction. Waiving the consideration of appellants' other points, for the error discussed the judgment must be reversed. *Schwinger* v. *Raymond*, 83 N. Y. 193; Civil Code Proc. §§ 992, 1023. All concur.