## McGAY v. MANHATTAN EL. RY. CO. *et al.*

*(Common Pleas of New York City and County; General Term.   November 4, 1891.)*

1. EMINENT DOMAIN—ELEVATED RAILWAYS—INJURIES TO PROPERTY—EVIDENCE—OPINIONS.

In an action for injuries to real estate from the operation of defendants' elevated railway, where a witness has testified to the physical effects of such operation on the property in question, it is error to allow him to state his opinion that the consequence of these effects was to depreciate the value of the property.

2. SAME—DAMAGES—OPINIONS.

It is also error to allow him to testify to his opinion of what the value of the property would be if the railroad were not there.

Appeal from special term.

Action in equity by James McGay against the Manhattan Elevated Railway Company and the Metropolitan Elevated Railway Company for an injunction against the maintenance and operation of defendants' railway, and for past damages for such operation. There was judgment for plaintiff, awarding an injunction, and damages also, from which defendants appeal. Judgment reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo, (Julien T. Davies, Brainard Tolles,* and *T. C. Thomson,* of counsel,) for appellants. *Samuel G. Adams* and *Allan Lee Smidt,* for respondent.

PRYOR, J.   We are of opinion that for manifest error the judgment must be reversed. Edmund H. Martine, an expert witness in behalf of the plaintiff, after stating the physical effects of the railway upon the premises, was asked: "In your opinion, based upon your experience, do you consider that these physical effects in any way affect the value of these premises?" To this question the defendants objected on the grounds that it was incompetent, and that it called for the opinion of the witness on a matter which it is the exclusive province of the court to determine. The objection was overruled, the defendants excepted, and the witness answered, "I do." The plaintiff in-

quired, "How?" The defendants objected upon the same grounds, the ob jection was overruled, the defendants duly excepted, and the witness an swered, "It depreciates the value, both fee and rental." The plaintiff then asked: "In your opinion, based on your experience and knowledge of values, does it depreciate the fee and rental values, to what extent?" The defendants objected on the same grounds, but the court overruled the objection, to which the defendants duly excepted, and the witness answered: "It would probably be worth thirty-three and a half per cent. more than it is to-day." Thereupon the defendants moved to strike out the answer, and to the denial of the motion duly excepted. It is evident beyond the possibility of dispute that the questions challenged by the defendants, called for and elicited the opinion of the witness on the very issue before the court for judicial decision. That issue was whether, and how much, the railway depreciated the value of plaintiff's property; and, if there were such depreciation, that depreciation was the exact measure of plaintiff's injury. But the fact of the injury and the amount of the injury were the precise issues which the nature of the action and the state of the pleadings propounded to the court for determination. "The amount of damages thus caused to the plaintiff's fee is the precise question which the court or jury must determine. * * * The precise and specific question which is to be determined by the court or jury is by this interrogatory placed before the witness for his opinion and decision. To permit it to be asked and answered is beyond all question against the great mass of authority in this and other states." *Roberts* v. *Railway Co.*, (N. Y. App.) 28 N. E. Rep. 486, (opinion by PECKHAM, J.) "It is the province of the jury to determine upon the facts spread before them in the evidence whether the plaintiff has suffered damages, and the amount of the compensation therefor." *Avery* v. *Railroad Co.*, 121 N. Y. 31, 44, 24 N. E. Rep. 20. Again, the answer, "It would probably be worth 33½ per cent. more than it is to-day," is, in effect, a statement of the opinion of the witness as to what would be the value of the property without the railway,—evidence which, in *Roberts' Case* and *Doyle's Case*, 28 N. E. Rep. 495, the court of appeals has just decided to be incompetent, and its admission sufficient ground for reversal. The refusal, therefore, to strike out the answer was error. We are of opinion that the trial court committed errors as well in the exclusion as in the admission of evidence, *e. g.*, in rejecting evidence of the course of values of adjacent properties, (*Doyle's Case*,) and evidence of benefits to plaintiff's property from the presence of the railway, (*Doyle's Case;*) but we forbear the discussion of these errors, since in any event another trial is inevitable. Judgment reversed, and new trial ordered, costs to abide event. All concur.