### WALLACH *v.* MANHATTAN EL. RY. CO. *et al.*

(*Common Pleas of New York City and County, General Term.* November 4, 1891.)

ELEVATED RAILWAYS—INJURIES TO PROPERTY—DAMAGES—EVIDENCE.

In an action for injuries to property resulting from the operation of an elevated railway in front of it, it is reversible error to allow a witness who has testified to the present rental value and fee value of the property to testify what those values would be without the railway. *Roberts* v. *Railway Co.,* (N. Y. App.) 28 N. E. Rep. 486, followed.

Appeal from special term.

This was an action by Karl M. Wallach against the Manhattan Elevated Railway Company and the Metropolitan Elevated Railway Company to enjoin the maintenance and operation of defendant's elevated railway along the street in front of plaintiff's premises, and for past damages. There was judgment for plaintiff awarding damages, and an injunction, and defendants appeal. Judgment reversed. For former report, see 14 N. Y. Supp. 957, *mem.*

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo,* (*Julien T. Davies* and *Samuel Blythe Rogers,* of counsel,) for appellants.  *Philip Carpenter,* (*Joseph B. Reilly,* of counsel, for respondent.

PRYOR, J.   Of the several points presented by the appellants, but one will be considered, because that one is obviously and indisputably fatal to the judgment.   To a witness called by the plaintiff he propounded this question: "What would be the present value of this property without the road in front of it?"   The defendants interposed timely and sufficient objection to the question, but the court allowed it, to which the defendants duly excepted; and the witness answered, "About $17,000 each."   The witness had already testified that, with the railroad in front of the houses, they are worth $14,000 each. Again, the witness was asked, "What would be the fair rental value without the structure in front and the passing trains?"   Timely and sufficient objection was interposed to the question, but the witness was allowed to answer it, to which the defendants duly excepted; and he said, "About $1,550 or $1,600 each house.",   The witness had already testified that the present rental value of the property is "about $1,250 for each house."   Whatever doubt may have prevailed hitherto in the courts and with the profession as to the incompetency of this evidence is dissipated by recent decisions of the court of appeals.   In *Roberts* v. *Railway Co.,* (N. Y. App.) 28 N. E. Rep. 486, the court ruled that such evidence is inadmissible, and that its introduction is reversible error, although other evidence in the case might suffice to sustain the judgment.   The adjudication is the same in *Doyle* v. *Railway Co.,* (N. Y. App.) 28 N. E. Rep. 495, and *Gray* v. *Railway Co.,* Id. 498.   The respondent argues that error in the admission of evidence as to fee value is inoperative to affect the judgment, but the contention is untenable; for—*First,* here the incompetent evidence was admitted to show depreciation in rental value; and, *secondly,* the court of appeals has decided that such evidence as to fee value is equally fatal error.   *Roberts' Case; Gray's Case.*   This and other courts below had ruled the contrary, but the authority of the court of appeals is imperative upon us.   Judgment reversed, and new trial ordered, costs to abide event.   All concur.