## DELAFIELD *v.* MANHATTAN EL. RY. Co. *et al.*

*(Common Pleas of New York City and County, General Term.*   November 4, 1891)

1. EMINENT DOMAIN—ELEVATED RAILWAYS — DAMAGES TO PROPERTY — OPINION EVIDENCE.
    In an action for injuries to property, resulting from the operation of an elevated railway along the street in front of it, the opinion of a witness as to the amount of damages from such injury is inadmissible.

2. SAME.
    Evidence based on the witness' opinion of the probable value of the property in question if the railway were not there is incompetent, for it is purely conjectural and speculative.

Appeal from special term.

Action in equity by Mary B. Delafield against the Manhattan Elevated Railway Company and the Metropolitan Elevated Railway Company for an injunction against the maintenance and operation of defendants' railway along the street in front of plaintiff's property, and for past damages.   There was judgment for plaintiff, awarding an injunction and damages, from which defendants appeal.   Judgment reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Davies & Rapallo, (Edward C. James,* of counsel,) for appellants.  *Peckham & Tyler, (W. G. Peckham,* of counsel,) for respondent.

PRYOR, J. To prove the fact and the amount of damage to her property from defendants' railway plaintiff called one Waterlow as a real-estate expert, and propounded to him these inquiries: "How many thousand dollars do you say that elevated railroad, in respect to injuries to light and noise, have damaged that lot?" Defendants objected to the question as "incompetent and improper." Thereupon the court modified it, and to the question as modified defendants objected on the same grounds. The court overruled the objection, and the witness, answering the question as first propounded, said: "To the par [fee?] value of the lot it would be about 20 to 25 per cent." Again: "Please state your estimate of the injury from the elevated railroad to the light, and also to the building on the lot, in dollars and cents, confining your estimate to the injuries from the road in respect of noise and the impairment of light?" To this question defendants objected on the grounds above stated, and also on the ground that "it is incompetent for the witness to give his opinion upon the amount of damage;" but the objection was overruled, exception duly taken, and the witness answered: "Taking all the elements of the railroad together—I cannot suggest light and noise alone; I should say, dirt and cinders and gases— the depreciation of the rental value would be about $33\frac{1}{3}$ per cent., in combination." Upon the opinion in *McGay's Case*, 16 N. Y. Supp. 155, (herewith decided,) this evidence was clearly incompetent, and its admission adequate ground of reversal. Again, to the same witness, plaintiff propounded this inquiry: "Have you formed an opinion as to whether Sixth avenue, near Twenty-Third street, would have been a better street, with higher values, supposing that elevated railroad had never come there, or the reverse?" To this question defendants objected that it was "incompetent, irrelevant, and immaterial; also as speculative and conjectural, and not a proper subject for opinion." The objection was overruled, defendants duly excepted, and the witness answered, "It would have improved materially for the better without the elevated road in all ways," etc. Upon the opinion in *Wallach v. Railway Co.*, 16 N. Y. Supp. 156, (herewith decided,) and the adjudication in *Roberts' Case*, (N. Y. App.) 28 N. E. Rep. 486, and *Gray's Case*, Id. 498, this evidence was incompetent, because purely conjectural and speculative, and its admission sufficient ground for reversal. Waiving consideration of other points presented by appellants, for the errors specified the judgment must be reversed, and a new trial had, costs to abide the event. All concur.