MARY J. ODELL, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY et al., Appellants.

While, for land taken by an elevated railroad company, the full market value must be paid without deduction for benefits, in considering the question as to damages caused by the road to lands not taken, or to the property rights of an abutting owner in the streets through which its road runs, its advantages and disadvantages, benefits and injuries must be considered, and if the benefits equal or exceed the injuries, no damages can be awarded.

(Argued October 9, 1891; decided January 26, 1892.)

APPEAL from judgment of the General Term of the Court of Common Pleas of the city and county of New York, entered upon an order made November 8, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This was an action to restrain the operation of an elevated railroad in a street in New York city, upon which premises owned by plaintiff abutted, and to recover damages.

The opinion is given in full.

"The judgment appealed from awards $1,200 damages, and enjoins the defendants from the further maintenance and operation of their elevated railway in front of the plaintiff's premises, unless within a time fixed they pay to the plaintiff the sum of $4,000, the value of the easement appurtenant to the premises.

"In submitting the case upon the trial, the defendants' counsel requested the court to find that 'The depreciation caused by the elevated road in the rentals of the living apartments of said building is less than the appreciation or increase caused by the elevated road in the rentals of the store or first floor of said building.' This request was refused as irrelevant, and the exception taken by the defendants to such refusal presents the only question which we are here called upon to determine. The evidence was of such a character as to permit the finding asked for. The refusal of the court as 'irrelevant' leads us to conclude that it was supposed that the appreciation or increase of the rental value caused by the road could not be considered in determining the amount of damages that should be awarded. The question of benefits has been recently considered in the case of *Newman* v. *M. E. R. Co.* (118 N. Y. 618), and in *Bohm* v. *M. E. R. Co.* (Court of Appeals decisions, Jan. 20, 1892),* in which it was held that as to land taken by the railroad company the full market value must be paid without deduction for benefits. But as to the effect of the road upon lands not taken, its advantages and disadvantages, benefits and injuries must be considered, and if the benefits equal or exceed the injuries, no damages can be awarded.

"We have carefully examined the case for the purpose of determining whether the trial court considered or made allowance for the benefits, but are unable to find any ruling which satisfies us that the question of benefits was determined.

"The other questions presented by the record have already been disposed of. (*Pappenheim* v. *M. E. R. Co.*, 128 N. Y. 436.)

"The judgment should be reversed and a new trial granted, costs to abide the final award of costs."

*Brainard Tolles* for appellants.

*Charles Gibson Bennett* for respondent.

HAIGHT, J., reads for reversal.
All concur.
Judgment reversed.