SUYDAM *et al. v.* NEW YORK EL. R. CO. *et al.*

*(Supreme Court, General Term, First Department.* ·May 13, 1892.)

ELEVATED RAILROADS—INJURIES TO ABUTTERS—OPINION EVIDENCE.

 In an action against an elevated railroad for damages to abutting property it was error to allow a réal-estate expert to give his opinion as to what plaintiff's property would be worth if the railroad were away; such testimony being hypothetical, speculative, and incompetent.

Appeal from special term, New York county.

Action by John R. Suydam and Jane M. Suydam against the New York Elevated Railroad Company and the Manhattan Railway Company. From a judgment for plaintiffs, defendants appeal. Reversed.

Argued before VAN BRUNT, P. J., and ANDREWS, J.

*Davies & Rapallo*, (*Julien T. Davies* and *Alexander S. Lyman*, of counsel,) for appellants. *Mitchell & Mitchell*, (*Edward Mitchell*, of counsel,) for respondents.

ANDREWS, J. This action is brought by the plaintiffs, as owners of the lot and buildings No. 128 Pearl street, New York city, to restrain the defendants from operating their railroad in front of said premises, and to compel them to remove their structure, unless they should pay the plaintiffs the value of the property taken. The case was tried at the special term, and judgment was rendered in favor of the plaintiffs for $2,735.77 damages and costs, and enjoining the further maintenance and operation of the defendants' railroad in front of plaintiffs' premises unless defendants should pay to plaintiffs the sum of $5,000, with interest, as the value of the easements taken; and from such judgment the defendants appeal.

We are of the opinion that this judgment must be reversed, because of errors in the admission of testimony. George B. Curtis, a real-estate expert, was called for the plaintiffs, and testified as follows: "In my opinion, the present rental value of No. 128 Pearl street is about $7,000 to $7,500. *Question.* What, in your opinion, would be the present rental value of the same property if the elevated railroad were not in front of it? (Counsel for the defendants objected to the question as hypothetical, incompetent, and speculative. The court overruled the objection, and counsel for defendants duly excepted on behalf of each defendant.) *Answer.* It would be $10,000; $10,-000 to $11,000. With the railroad the rental value would be as it is now; without the railroad I think the rental value would have been from $10,000 to $11,000. The fee value of that property with the railroad in front of it at the present time is about $75,000. In my opinion, the fee value of this property, if the elevated railroad were not in front of it, would be from $105,000 to $110,000." That the ruling of the court in allowing the question was erroneous is established by numerous decisions. *McGean* v. *Railway Co.*, 117 N. Y. 219, 22 N. E. Rep. 957; *Avery* v. *Railroad Co.*, 121 N. Y. 31, 41–45, 24 N. E. Rep. 20; *Roberts* v. *Railroad Co.*, 128 N. Y. 455, 28 N. E. Rep. 486; *Doyle* v. *Railway Co.*, (N. Y. App.) 28 N. E. Rep. 495; *Kernochan* v. *Railroad Co.*, (N. Y. App.) 29 N. E. Rep. 245; *Messenger* v. *Railway Co.*, (N. Y. App.) 29 N. E. Rep. 1032, mem.; *Peyton* v. *Railroad Co.*, (Sup.) 17 N. Y. Supp. 244; *Delafield* v. *Railway Co.*, (Com. Pl. N. Y.) 16 N. Y. Supp. 157. In *Doyle* v. *Railway Co.*, *supra*, a real-estate expert, examined as a witness on behalf of the plaintiff, was asked this question: "What, in your judgment, would the property be worth without the elevated railroad?" This was objected to by the defendants as hypothetical, speculative, and incompetent. The court overruled the objection, and the witness answered: "Think they would be worth $200,000 to $225,000." He had previously testified that the present value of the premises was $150,000 to $175,000. EARL, J., delivering the opinion of the court, said: "We have just decided in the case of *Roberts* v. *Railroad Co.* that a similar question was incompetent, and that it was erroneous to allow it to be answered, and we need say no more about it now. For this error the judgment must be reversed." The question asked in the *Doyle Case* was substantially the same as the one asked in the case at bar, and the objection in the *Doyle Case* was identical with the objection made in the present case. It is suggested by counsel for the plaintiffs that in the *Doyle Case* there were found to be very many other serious errors in excluding evidence offered by the defendants, and that it was "for the errors mentioned" that the judgment was reversed. This is true, but one of the errors mentioned was the error of permitting the real-estate expert called by the plaintiff to give his opinion as to what the property would be worth without the elevated railroad; and besides, as appears by the above quotation from the opinion of Judge EARL, it was expressly held that the

judgment must be reversed for that particular error; and it is clear that the judgment would have been reversed for that error alone, even if there had been no other errors committed upon the trial. It is also suggested by plaintiffs' counsel that the case is brought within the opinion in *McGean* v. *Railway Co.*, 117 N. Y. 219, 22 N. E. Rep. 957, because the judgment for rental value in this case is much less than the damages which Curtis' testimony tended to show, and that the defendants were not harmed by the evidence in question, because "abundant and competent evidence was given on the trial by witnesses, who had knowledge of the facts, that the actual rental value of similar property in the same street had * * * diminished after the building of the defendants' road." We have examined the record, but it is very doubtful whether there is competent evidence sufficient to sustain the judgment, if the testimony of Curtis is not taken into account; and we certainly cannot say that the defendants were not prejudiced by the admission of such testimony. Counsel for the plaintiffs also refers to the case of *Kernochan* v. *Railroad Co.*, 128 N. Y. 559, 29 N. E. Rep. 65, in which it was held that an objection put to an expert asking his opinion was insufficient. In that case, however, the only objection was upon the general ground of incompetency, whereas in the present case the objection was that the question was hypothetical, incompetent, and speculative. Moreover, the case of *Doyle* v. *Railway Co.*, *supra*, is reported at page 488, 128 N. Y., (28 N. E. Rep. 495,) and said case of *Kernochan* v. *Railroad Co.* is reported in the same volume, at page 559, (29 N. E. Rep. 65.) The cases were heard and decided at the same term of the court, and by the same judges, and we cannot suppose that the court intended by the decision in the *Kernochan Case* to reverse the decision made about the same time in the *Doyle Case*. The judgment appealed from should be reversed, and a new trial ordered, with costs to appellants to abide the event.