### SILLCOCKS v. NEW YORK EL. R. CO. et al.

*(Common Pleas of New York City and County, General Term.   June 6, 1892.)*

1. ELEVATED RAILWAYS—INJURIES TO PROPERTY—OPINION EVIDENCE.
   In an action for injuries to land from the operation of defendants' elevated railway it is error to allow a real-estate agent to state his opinion as to the effect of the operation of the railway on the value of plaintiff's property. *McGay* v. *Railway Co.*, (Com. Pl. N. Y.) 16 N. Y. Supp. 155, followed.

2. SAME—COMPENSATION—ALLOWANCE FOR BENEFITS.
   It is error to exclude evidence of benefits to plaintiff's property by reason of the operation of the railway. *Purdy* v. *Railway Co.*, (Com. Pl. N. Y.) 13 N. Y. Supp. 295, followed.

Appeal from equity term.

Action in equity by Warren S. Sillcocks against the New York Elevated Railroad Company, the Metropolitan Elevated Railway Company, and the Manhattan Railway Company, for an injunction against the maintenance and operation of defendants' railway, and for past damages for such operation. From a judgment for plaintiff, awarding an injunction and damages, defendants appeal. Reversed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

*Davies & Rapallo*, (*Julien T. Davies* and *Brainard Tolles*, of counsel,) for appellants. *L. C. Dessar*, (*L. C. Dessar* and *J. B. Reilly*, of counsel,) for respondent.

BOOKSTAVER, J. This action was tried several years ago, and before the law in regard to opinion evidence and accruing benefits was settled. In order to establish the fact and amount of damages to his property from the erection and operation of defendants' railway, plaintiff called George B. Curtis as a real-estate expert, and asked him the following question: "*Question*. And, in your opinion, do these physical effects affect the fee and rental value of these premises? *Answer*. It has an effect upon the fee and rental value, in my opinion. *Q*. What is that effect? *A*. To lessen the rental and fee value." Again, after testifying that the increase in values had been greater on Printing House square and several other places than it was on Park row, he was asked: "*Question*. Why, in your opinion, based upon your experience, has not this property increased as much over the price of 1872 as the other properties you have mentioned?" and he answered: "The maintenance and operation of the elevated railroad is the reason, in my opinion, and the interference with air, light, and so forth." Both of these questions were duly objected to by the defendants as incompetent and irrelevant as calling for the conclusion of the witness upon a subject upon which it was possible for the court, and proper for it, to form its own conclusions, and also as being indefinite and uncertain. The court overruled the objections, and allowed the answers to be given. These answers were clearly the opinion of the witness, and fall under the condemnation of *McGay* v. *Railroad Co.*, (Com. Pl. N. Y.) 16 N. Y. Supp. 155; *Wallach* v. *Railroad Co.*, Id. 156; *Delafield* v. *Railroad Co.*, Id. 157; and also of *McGean* v. *Railroad Co.*, 117 N. Y. 219, 22 N. E. Rep. 957; *Avery* v.

*Railroad Co.*, 121 N. Y. 31, 24 N. E. Rep. 20; *Roberts* v. *Railroad Co.*, 128 N. Y. 455, 28 N. E. Rep. 486; *Doyle* v. *Railroad Co.*, 128 N. Y. 488, 28 N. E. Rep. 495; *Gray* v. *Railroad Co.*, (Com. Pl. N. Y.) 12 N. Y. Supp. 542, affirmed 128 N. Y. 499, 28 N. E. Rep. 498. The court also ruled that evidence of benefits was to be disregarded, and refused to find the fact of benefits, which was error, under *Purdy* v. *Railroad Co.*, (Com. Pl. N. Y.) 13 N. Y. Supp. 295; *McGay* v. *Railroad Co.*, *supra; Welsh* v. *Railroad Co.*, (Com. Pl. N. Y.) 12 N. Y. Supp. 545; *Gray* v. *Railroad Co.*, *supra.* The judgment should therefore be reversed, and a new trial ordered, with costs to abide the event. All concur.