SILVIA LIVINGSTON, Respondent, *v.* THE METROPOLITAN ELEVATED RAILWAY Co. et al., Appellants.

JULIA LIVINGSTON, Respondent, *v.* THE SAME, Appellants.

MORGAN L. LIVINGSTON et al., Respondents, *v.* THE SAME, Appellants.

Where a referee erroneously refuses to find certain conclusions of fact and law as requested by the defeated party, which *prima facie* are material to the issues, the *onus* rests upon the successful party, on appeal, to show that the errors were harmless.

Upon the trial of an action by the owner of a lot abutting on a city street to restrain certain elevated railroad companies from operating their road in said street and for damages, the referee was requested to find that the easements, if any, appurtenant to plaintiffs' lot, taken for the use of said railroad, aside from any damage to the lot from the taking have in themselves a nominal value only. This request was refused. *Held*, error.

The referee was also asked to find as a conclusion of law, that in estimating and fixing the sum defendants may pay to avoid an injunction, the special benefits resulting from their road to plaintiffs' premises should · be offset against any consequential damages to the lot from the appropriation or interference with the easements in the street and appurtenant. This request was also refused. *Held*, error.

The referee found that by reason of the construction of defendants' road plaintiff sustained damages to amounts specified in the loss of rentals and in the depreciation of the permanent value of the property. *Held*, that this was not equivalent to a finding that there were no benefits resulting from defendants' road; but taken together with the refusal to find that special benefits should be offset against consequential damages, it was in effect a finding that such depreciation was exclusive of the special benefits, and so, said finding did not show that the errors were harmless.

(Argued March 17, 1893; decided April 11, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon orders made at the February Term, 1892, which affirmed judgments in favor of plaintiffs entered upon reports of a referee.

These actions were brought by abutting owners of lots on West Broadway in the city of New York, to restrain the operation and maintenance by defendants of their road in said street and for damages.

The facts, so far as material, are stated in the opinion.

*Brainard Tolles* for appellants.    The referee erred in refusing to recognize that the question before him was purely one of consequential damages, in refusing to rule that benefits were to be considered upon the question of consequential damages and in refusing to find benefits when the same were proven without contradiction. (*Wiener* v. *N. Y. E. R. R. Co.*, 42 N. Y. S. R. 785; *Odell* v. *N. Y. E. R. Co.*, 130 N. Y. 690; *Gray* v. *M. R. Co.*, 35 N. Y. S. R. 32; *Purdy* v. *M. E. R. Co.*, 36 id. 43; *Sillcocks* v. *N. Y. E. R. Co.*, 19 N. Y. Supp. 476; *Sutro* v. *M. E. R. Co.*, 127 N. Y. 592; *Sperb* v. *M. E. R. Co.*, Id. 155; *Sloane* v. *N. Y. E. R. Co.*, Id. 595; *Cohn* v. *M. E. R. Co.*, 49 N. Y. S. R. 339; *Bohm* v. *M. E. R. Co.*, 129 N. Y. 576.)

*George L. Rives* for respondent.    There was no error in admitting evidence of values. (*Roberts Case*, 128 N. Y. 455; *Golden* v. *E. R. R. Co.*, 48 N. Y. S. R. 725; *Kernochan Case*, 128 N. Y. 559; *Mortimer Case*, 129 id. 81.) There was no error in the rulings upon evidence. (*Kane Case*, 125 N. Y. 164; *Bischoff* v. *N. Y. E. R. Co.*, 46 N. Y. S. R. 863; *Slocovich* v. *O. M. Ins. Co.*, 108 N. Y. 56.) The referee properly refused to dismiss the complaint. (128 N. Y. 559; 129 id. 76.) The sums awarded in avoidance of an injunction did not include anything more than the value of the easements of light, air and access taken by the defendants, and their value was ascertained on correct principles. (*Sperb* v. *E. R. R. Co.*, 32 N. E. Rep. 1050.) The referee did not refuse to take into consideration any benefits to the premises

resulting from the presence of the road in West Broadway. (*Bischoff* v. *N. Y. E. R. Co.*, 46 N. Y. S. R. 863 ; *Betjeman* v. *N. Y. E. R. Co.*, 48 id. 721 ; *Slater* v. *E. R. R. Co.*, Id. 721.)

*Per Curiam.* The referee in these cases was requested to find that the easements, if any, appurtenant to said lots of land and taken for the said railway uses, aside from any damage to said land from the taking, have in themselves only a nominal value. This finding he refused to make. He was also requested to find as one of his conclusions of law, that in estimating and fixing the sum which the defendants may pay to obviate the injunction herein, the special benefits resulting from the defendants' railroad to the premises in suit should be offset against any consequential damages resulting to said lot and building from the appropriation or interference with the easements in West Broadway and appurtenant thereto, by the maintenance and operation of defendants' said railroad in front thereof. This rule of law he refused to lay down. In both these refusals the referee erred and the plaintiffs' counsel very properly admits the error. This court has several times so decided, the latest decisions having been given in the cases of *Bookman*,[*] *Sutro* [†] and *Sperb* [‡] against these same defendants.

The counsel for the plaintiffs seeks to render the errors harmless by attempting to show that in fact there were no benefits resulting to lots from the defendants' railroad and, therefore, however erroneous the referee's ruling may have been, such error was abstract in its nature and caused no harm to defendants. Plaintiffs' counsel maintains that the referee found as a fact that there were no benefits. This we think is a mistake. The referee found that by reason of the construction of the railroad opposite these lots the plaintiff in each case sustained damage to a certain amount in the loss of rentals and in a certain amount in the depreciation of the permanent value of the lots. But as he refused to hold that the easements in and of themselves were of no value and refused to hold that the special benefits resulting to the land should be

---

[*] 137 N. Y. 302.       [†] 137 N. Y. 592.       [‡] 137 N. Y. 155, 596.

deducted or offset against the consequential damages thereto, his finding as to the amount of permanent depreciation is equivalent to a finding that such permanent depreciation was exclusive of the special benefits. He does say what the permanent depreciation was, but he also refuses to hold that special benefits should be deducted therefrom. This cannot be said to be a finding that there were no benefits.

The learned counsel also says there was no evidence upon which a finding could be based that any benefits in fact arose from the construction of the railroad.

When it is admitted that the referee erred in his refusals to find certain conclusions of fact and law which *prima facie* were material to the issues in the cases, the *onus* rests upon the plaintiffs herein to show that the errors were harmless. This duty we think the plaintiffs have failed to fulfill. The case is not so wholly barren of evidence upon the subject of benefits that we can say a finding of their existence would have nothing to support it. There is evidence upon which the referee might have found that some benefits had accrued to these lots by reason of the construction of the road, and when we see that the referee adopted a rule of law which excluded from his consideration the existence of such benefits as a factor in arriving at the real damage, it is not an answer to the demand for a reversal of the judgment to show that the evidence was so conflicting that the referee would have been justified in finding as a fact that there were no benefits.

The defendants are entitled to the judgment of the trial court, jury or referee upon that question, and when the tribunal to pass upon the fact refuses to consider it because of an erroneous rule of law adopted in such cases, we must reverse the judgment where there was any evidence of the existence of benefits upon which a judgment might rest. In these cases there was such evidence, and for that reason the judgment must be reversed and a new trial granted, with costs to abide the event.

All concur, except Gray, J., not voting.

Judgment reversed.