Charles Buek, Respondent, *v.* The Metropolitan Railway Co., and Others, Appellants.

*Action to recover damages to real property by reason of elevated railroads — measure of damages.*

Upon the trial of an action brought to recover the damages to plaintiff's premises alleged to have been sustained by the plaintiff by reason of the existence of certain elevated railroads and structures, and for other relief, the court was requested to rule, as a matter of law, that the plaintiff was not entitled to recover damages in the case, except to the extent, if any, by which

the disadvantages of the defendant's railroad had exceeded the advantages thereof to said premises. The court refused to so rule, and an exception was duly taken thereto.

*Held*, that such refusal was erroneous, and that the judgment should be reversed. (VAN BRUNT, P. J., dissenting.)

APPEAL by the defendants, the Metropolitan Elevated Railway Company and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 22d day of July, 1891, upon a decision of the court after a trial at the New York Special Term.

The prayer for relief contained in the complaint in this action was as follows: " Wherefore, plaintiff prays that the amount of damages sustained by him by reason of the existence of said railroad and structure, may be ascertained, and that he may have judgment against the defendants therefor, to wit, for the sum of eight thousand dollars; and that the defendants, and each of them, may be perpetually enjoined and restrained from further obstructing and incumbering the said Ninth avenue, and from making any further erection in said Ninth avenue in front of plaintiff's premises. That said defendants may also be perpetually enjoined and restrained from maintaining, continuing or operating said railroad and structure now existing in said Ninth avenue in front of plaintiff's premises, as above set forth, and compelled to take down and remove the same; and that plaintiff may have such other and further relief, with his costs, as to the court shall seem equitable and proper."

*Julien T. Davies* and *Brainard Tolles*, for the appellants.

*W. G. Peckham*, for the respondent.

PARKER, J.:

In *Bohm* v. *Met. Elevated R. R. Company* (129 N. Y. 576) the court, having under consideration a judgment awarding damages to an abutting owner, because of the defendants' interference with his beneficial enjoyment of certain easements belonging thereto, held that the damages and the compensation to be paid in such case are measured by the balance of injury over benefits, and in ascertaining them the advantages and disadvantages are to be considered, and the benefits, whether general or special, from the construction and

operation of the railroad, which tend to counterbalance the disad-- vantages, are to be taken into account in reaching the final result.

And it has been held in subsequent cases that a refusal by a referee or trial court to find, upon being requested to do so, that the law is on that subject as stated in *Bohm's* case, constitutes ground for reversal of the judgment if properly excepted to, the reason assigned being that, as the request to find states correct principles of law, a refusal to find it requires the inference that these principles are not fully applied, and thereby, necessarily, the defendant is deprived of the full benefit of them. (*Sperb* v. *Met. El. Railway Co.*, 137 N. Y. 596; *Livingston* v. *Met. El. Ry. Co.*, 138 id. 76; *Odell* v. *New York El. Ry. Co.*, 130 id. 690; *Gray* v. *Manhattan El. Ry. Co.*, 35 N. Y. St. Repr. 32.)

The defendant requested the trial court to rule as a matter of law that "plaintiff is not entitled to recover damages in this action except to the extent, if any, by which the disadvantages of the defendant's railroad have exceeded the advantages thereof to said premises." The court refused, and to the ruling an exception was duly taken. The cases to which we have referred determine that this ruling was erroneous, and command a reversal of the judgment unless it appears elsewhere in the record that the rule embraced in the proposition was recognized and given force and effect by the trial court.

In *Bischoff* v. *N. Y. Elevated R. R. Co.* (138 N. Y. 257), the court refused to reverse a judgment where the trial court had declined to rule substantially as requested here, but on the ground that there was no evidence of general as distinguished from special benefits, resulting to the property by the construction and operation of the railroad.

If that were the case here, or if the findings disclosed that the trial court actually applied that which the courts have determined to be the true rule in measuring the damages which should be awarded, *Bischoff's* case would point the way to an affirmance of the judgment, for under such circumstances the exception would point out a technical but unsubstantial error. But it cannot be said here that there was no evidence before the court tending to show what is called general benefits resulting to this and other property in the same vicinity, by the building and operation of defendant's elevated railroad.

Evidence tending in that direction can be found scattered all through the record; therefore, the ruling cannot be disregarded on the ground that there was no evidence making it necessary for the trial court to apply the rule involved by the request.

Nor does it appear from the other findings made by the trial court that this rule was in fact applied. Until the decision in *Bohm's* case the courts had not gone so far in the direction of offsetting advantages against disadvantages, the furthest step in that direction, prior thereto, having been taken in *Newman* v. *Elevated R. R. Co.* (118 N. Y. 618), in which case it was held that in measuring the damages there must be taken into consideration the benefits, if any, peculiar to the owner's property which have arisen by the construction of the road.

The case under review was tried after the decision in *Newman's* case, but before that of *Bohm's*, and the court, following the practice as it was then understood and applied by the courts, ruled as a matter of law that " in estimating the damages, if any, to which plaintiff is entitled in this action, and in estimating the amount of compensation to which plaintiff is entitled for the taking of his easements, the benefits caused by defendant's railroad to plaintiff's said property, and not shared by the community in general, should be taken into consideration," and refused to rule in the manner requested by the defendants as hereinbefore quoted. It is apparent, therefore, that the inference is not permissible here as in *Bischoff's* case, that the court did not exclude from consideration the evidence presented by the defendants touching general, as distinguished from special benefits to the plaintiff's property, resulting from the construction of defendants' elevated railroad.

If the views expressed are correct it follows that the judgment should be reversed, with costs to appellants to abide the event.

FOLLETT, J., concurred.

VAN BRUNT, P. J. (dissenting):

I think the judgment should be affirmed. It seems to me to be impossible to determine from the decisions of the Court of Appeals what the rule is in respect to refusals to find, and the court did not err in its refusal to find a rule of law.

Judgment reversed and new trial ordered, with costs to appellants to abide event.